[Civ. No. 334.   Third Appellate District.—August 26, 1907.]

## J. C. KERR, Respondent, v. W. P. MOORE, Appellant.

SPECIFIC PERFORMANCE—LEASE WITH OPTION TO PURCHASE—PLEADING—
ADEQUACY OF CONSIDERATION—IMPROVEMENTS.—In an action to
enforce specific performance of an option to purchase contained
in a lease, an averment in the complaint, as to the adequacy of
consideration, that the consideration was adequate in amount, was
of a legal conclusion, but an averment that it was not dispropor-
tionate to the value of the land sufficiently shows that it was equal
in value thereto; and an averment that the plaintiff expended $600
in . improvements on the land with defendant's knowledge, and
without his objection, was proper to be considered in support of the
action.

ID.—MUTUALITY—EXERCISE OF OPTION.—Assuming that the element of
mutuality was lacking at the time the contract was entered into,
yet the defendant having agreed to sell and convey for a specified
sum, when the lessee asked therefor, the element of mutuality was
supplied by the exercise of the option and tender of performance
on the last day of the lease, and upon such offer of performance
the remedy to enforce the contract clearly became mutual.

ID.—CERTAINTY OF CONTRACT—ENFORCEMENT NOT INEQUITABLE.—The
contract of sale was sufficiently definite and certain to be enforced;
and where the evidence shows no increase in value, and shows that
it was not inequitable, the plaintiff is entitled to a specific perform-
ance.

ID.—LIMITATION—LACHES.—The fact that the lease was for four years,
and that the suit was brought a little over a month after its expi-
ration after the tender and demand for a deed, does not show that
the action was barred by the statute of limitations or by laches,
where the delay was excused by the conduct of the defendant, who
led plaintiff for a time to believe that the deed would be executed.

ID.—SUFFICIENCY OF TENDER.—*Held,* that, in view of the evidence given,
the plaintiff made a sufficient tender of the purchase money accom-
panying his demand for the deed, and did all that the law demands,
and that he kept the tender good by a deposit in bank to be paid
to defendant on delivery of a deed properly executed.

ID.—TENDER NOT REQUIRED TO BE KEPT GOOD—TERMS OF JUDGMENT.—
In this class of cases, there seems no reason why the tender should
be kept good, as the plaintiff, by the judgment, would be required
to pay the purchase money before receiving the deed.

6 Cal. App.—20

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

Ashley & Neumiller, for Appellant.

A. L. Levinsky, for Respondent.

BURNETT, J.—This is an action for specific performance. Plaintiff had judgment, from which and from the order denying his motion for a new trial, defendant appealed. Appellant claims that the record discloses quite a number of errors, but there are only three specifications that we deem of sufficient importance to justify special notice.

1. The contention that the complaint does not state a cause of action is based upon the assumption that sufficient facts are not alleged to show the adequacy of the consideration and the element of mutuality in the contract. In *Windsor* v. *Miner*, 124 Cal. 492, [57 Pac. 386], it is said: "Specific performance is an equitable remedy, and it is incumbent upon the plaintiff in an action of this character to show both in the averments of his pleading and in the evidence at the trial that he is entitled to the equitable relief which he seeks." In *Arguello* v. *Bours*, 67 Cal. 447, [8 Pac. 49], this advice is given: "In view of the intimation in *Bruck* v. *Tucker*, 42 Cal. 346, it will always be safer to aver (as was done in this case) that the price paid was a just and fair price and the full value of the premises."

The complaint here contains this allegation: "That the consideration which the said plaintiff was to pay to the said defendant, and which the said defendant was to receive from the said plaintiff, for the lands herein described, was adequate in amount and not disproportionate to the value of said lands." To allege that it "was adequate in amount" would hardly meet the requirement of this rule, as that is the averment of a legal conclusion, but "not disproportionate to the value" is rather a circumlocutory form for "equal in value," and we think it sufficient. Besides, there is an allegation that the plaintiff expended $600 in improvements on the land within the knowledge of defendant and with-

out his objection. It was proper to consider this circumstance in determining whether it was a case justiciable in an action for specific performance. The element of mutuality must be present in a contract before it can be enforced by either party, but, as said in *Sayward* v. *Houghton,* 119 Cal. 548, [51 Pac. 854, 52 Pac. 44], "assuming that the element of mutuality was lacking at the time the contract was entered into, it was supplied upon the offer of performance being made by plaintiff, since thereby the remedy to enforce it clearly became mutual." (*Thurber* v. *Meves,* 119 Cal. 35, [50 Pac. 1063, 51 Pac. 536] ; *Woodruff* v. *Woodruff,* 44 N. J. Eq. 349, [16 Atl. 4] ; *Richards* v. *Green,* 23 N. J. Eq. 536.)

2. The action was not barred by the statute of limitations nor was plaintiff guilty of laches. We understand the contract to constitute a lease with an option to buy. It may be inartificially drawn, but the intention of the parties seems clear. It was agreed that "the said party of the first part (W. P. Moore) . . . agrees to sell and convey unto the said party of the second part (J. C. Kerr) that certain lot or parcel of land . . . for the sum of nine hundred dollars, and the said party of the second part agrees to pay to the said party of the first part the said sum of nine hundred dollars as follows, to wit: To be paid when the party of the second part asks for and receives a deed for the within described land, and is further agreed that all rents be excepted and considered as part payment on said land. The party of the second part having leased the within-described land for the term of four years from the first day of December, 1899, at the yearly rental of seventy-five dollars with the privilege of buying the same on or before the expiration of said lease." It is true that plaintiff did not exercise his option of buying the land until the last day of the lease, but he was acting within the terms of the agreement. If the land in the meantime had greatly increased in value it might be that specific performance should be denied, but the evidence discloses no increase in its value. The contract was definite and certain enough to be enforced, and the evidence shows that it was not inequitable. Suit was brought January 6, 1904, within a little over a month after demand was made for a deed, and even that delay was excused by the conduct of defendant, who led plaintiff for a time to believe that the deed would be executed.

3. The tender was sufficient. Plaintiff testified: "I met defendant on the street and I told him I was ready to pay up the money, had the money, for him to come in and make me a deed and I would pay him the money. He said he didn't have time, and I said it won't take long, only a few minutes. I had the money in my pocket, and as I went to pull it out of my pocket he drove off." This first conversation and offer to pay took place November 30th. Plaintiff had several succeeding conversations with defendant of similar import, in one of which he told defendant that the money was at Bruml's store, and Moore said: "Just let the money rest there a few days and we will go to town and examine the records, and if the records are all right I will make you a deed." Finally defendant agreed to meet plaintiff at Stockton on Saturday, and if the records were all right he would make the deed, but he failed to keep his appointment, and when plaintiff went to see him Monday he said he did not go to the recorder's office, but went to see his lawyer, and plaintiff "was out." Plaintiff, on December 18th, went to defendant's place of business and put $600 on the table and presented a deed in proper form and asked defendant to execute it. On his refusal the money was deposited to his credit in the Stockton Savings Bank, and he was notified of it. It is true that the certificate of deposit was made payable to A. L. Levinsky or William P. Moore, but the bank was directed to pay the money to the defendant upon his delivery of the deed properly executed, and the evidence shows that the defendant, upon that condition, could have secured the money at any time, although in this class of cases there seems no reason why the tender should be kept good (*Sayward* v. *Houghton,* 119 Cal. 548, [51 Pac. 854, 52 Pac. 44]), as the plaintiff, by the judgment, would be required to pay the purchase money before receiving the deed. The plaintiff did all that the law demands. (*Englander* v. *Rogers,* 41 Cal. 422; *Chatfield* v. *Williams,* 85 Cal. 521, [24 Pac. 839].)

The cases cited by appellant to sustain his position are not in point here and we have considered it unnecessary to refer to them specifically.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.