[Civ. No. 536.  Second Appellate District.—December 12, 1908.]

## L. B. NOYES, Respondent, *v.* L. SCHLEGEL, Appellant.

SPECIFIC PERFORMANCE—CONTRACT TO SELL LAND—TIME OF ESSENCE— WAIVER OF DEFAULT AND OF TIME CLAUSE—TENDER KEPT GOOD— SUPPORT OF FINDINGS.—*Held,* that specific performance of a contract for the sale of land was properly enforced—notwithstanding the contract made time of its essence, and provided for forfeiture of all payments made, if it was not strictly complied with, and default was actually made in monthly installments to be completed in three years—when it appears that the contract gave an option to buy other lots at a fixed price any time within the three years, and there was sufficient evidence to sustain findings that there was an express waiver of the default and of the time clause by oral agreement that it would be sufficient if all payments were completed within the three years, and that payments were accepted after default, and that all payments were tendered, and the tender kept good, within the time limited.

Id.—Relief in Favor of Vendee in Default—Equitable Showing.—
Equity will often permit a vendee in default to excuse his breach
as to the time of payment, and after excuse made compel the
vendor to perform, provided he shows equitable grounds for relief.

Id.—Estoppel of Vendor to Declare Forfeiture—Delay Caused by
Him.—In view of the decision of the court that plaintiff's evidence
was true, the defendant should not be permitted to lull the plain-
tiff into security by telling him he need not comply promptly with
the time clause of the contract, and then take advantage of the
delay occasioned by his own act to declare a forfeiture.

Id.—Performance After Notice Withdrawing Privilege—Reason-
able Time to Pay Arrearages—Province of Trial Court.—
When, after notice by the defendant of the withdrawal of the
privilege of paying at any time within three years, it appears that
plaintiff made no further default in payment of any installment
of principal, interest or taxes, the fact that all arrearages were
not paid in full until ten days after such notice does not establish
that they were not made within a reasonable time. The question
of reasonable time for such payment is to be determined by the
trial court in view of the circumstances of the case, and its deter-
mination that it was made within a reasonable time will not be
disturbed upon appeal.

Id.—Possession of Plaintiff—Immaterial Finding.—The finding
that the plaintiff was in the possession of the property is immate-
rial to the judgment, and it is necessary to determine whether it
is or is not supported by the evidence. Plaintiff was entitled to
enforce the contract, whether in possession or not.

Id.—Right of Possession.—An executory contract of sale confers no
right of possession; but the right of possession follows only from
the execution of the decree of specific performance.

Id.—Option to Purchase—Contract to Make Contract upon Con-
ditions.—The option to purchase included in the contract to pur-
chase was not without consideration. A contract to make a con-
tract upon conditions is valid and enforceable.

Id.—Option Part Consideration of Contract of Purchase.—The
option to purchase two other lots included in the contract actually
to purchase two lots is part of the consideration for such pur-
chase. This expressly appears from evidence showing that the lots
for which the option was given were necessary for plaintiff's
proper use of the lots contracted for, and for that reason were
inserted in the contract.

Id.—Waiver of Forfeiture—Effect upon Contract.—The waiver of
forfeiture was not limited merely to the lots purchased, but goes
to the entire contract, including the lots upon which the option was
given.

ID.—PAROL EVIDENCE TO SHOW WAIVER.—Parol evidence was admissible to show the waiver of default and of the time clause of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Frank M. Porter, Trusten P. Dyer, and Francis P. Harrington, for Appellant.

John W. Kemp, and Kemp & Collier, for Respondent.

TAGGART, J.—Decree in favor of plaintiff for specific performance of a contract to convey real estate. Defendant appeals from the judgment and an order denying his motion for a new trial.

Defendant entered into a written contract to sell and convey to plaintiff two lots of land for $625; payable $85 in cash and $15 per month until paid; plaintiff to have privilege of paying larger sums at his election, and to pay interest on deferred payments and taxes on the property. By the same writing, and "in consideration of the foregoing" (agreement), plaintiff was given an option to purchase two other lots lying immediately in the rear of the first mentioned "at any time within three years" from the date of the instrument for the sum of $625.

Before bringing the action he paid or tendered to defendant the full amount of all payments agreed to be paid for the first-mentioned lots, with the deferred interest and taxes, all of which was done within the time provided, to wit, three years, and, also, the day before the expiration of the three years, tendered to defendant the full price agreed upon for the other two lots, and demanded deeds for all the lots. But time was made of the essence of the contract, which provided that in the event of a failure to comply with the terms of the contract by plaintiff, defendant was released from all obligation to convey, and plaintiff forfeited to defendant all moneys theretofore paid on the contract.

Some of the installments were not paid at the times fixed in the contract, and plaintiff was in default as to some of these for more than six months, but plaintiff claims, and the

trial court found, in effect, that defendant waived his right of forfeiture for these defaults in payment, and released plaintiff from the operation of the time clause as to the installments which were not paid promptly, by an express oral agreement, and, by the acceptance of overdue payments, and that, within a reasonable time after notice of defendant's revocation of this privilege, plaintiff tendered to defendant the amount of all delinquent payments, and thereafter tendered all payments on or before the day they became due. It is the insufficiency of the evidence to sustain the findings to this effect upon which appellant relies for a reversal.

Plaintiff testifies that about the time the contract was made (February 24, 1904), and on other occasions, notably one after April 15, 1906, when plaintiff's wife was present, defendant expressly said he didn't care how the payments were made, as long as he had the money in the three years' time. That there was no formal withdrawal of this privilege until a notice of forfeiture of the contract was served by defendant on July 1, 1906, although in June, 1906, defendant refused to receive from plaintiff's wife the moneys due on the installments and interest at that time, giving as a reason that he would not accept any more money on the contract unless he was released from the option on lots 23 and 24 (the lots in the rear). On July 11, 1906, a tender of the amounts then due upon principal and interest was made by plaintiff, and upon defendant's refusing to receive the money it was deposited in a bank in Los Angeles city to the credit of defendant and notice of such deposit sent to him. All subsequent installments due under the contract were deposited in the same bank prior to the dates when respectively due, and notice sent; and on February 23, 1907, the sum of $625 was tendered in payment of the purchase price of lots 23 and 24, which defendant refused to receive. The evidence shows that prior to the refusal of June and notice of July 1, 1906, payments had been made as follows: On principal, March 24 and September 8, 1904, October 30 and November 29, 1905, $25; on April 24, May 24 and June 24, 1904, $20; on May 1, 1905, $70, and August 7, 1905, $60. On interest, May 24, 1904, $7.12; May 1, 1905, $15.05; August 7, 1905, $9.90; November 29, 1905, $4.12, the last amount paying interest on deferred payments to February 1, 1906. On taxes, November 29, 1905, $3.20. All of these payments were accepted by defendant on the dates mentioned, after his statement to plaintiff that he did not intend to exact, or care for, a strict compliance

with the contract in respect to the time of payment of the installments of $15 provided to be paid monthly.

The cases of *Glock* v. *Howard etc. Co.*, 123 Cal. 1, 15, [69 Am. St. Rep. 17, 55 Pac. 713], and *North Stockton* v. *Fischer,* 138 Cal. 100, [70 Pac. 1082, 71 Pac. 438], upon which appellant relies, are to be distinguished from the one before us. In the former no waiver of the time clause in the contract was alleged or proven, either by express agreement or the receipt of payments after they were due. In that case two out of five installments were paid, and three and one-half years after the first default and six months after final payment was due the vendee brought his action to recover the two payments made on the contract, relying solely upon a *tender* made at that late date without offering any reason for the failure to pay, or to comply with his contract. (Page 4 of 123 Cal. [69 Am. St. Rep. 17, 55 Pac. 713].) The other case, holding that a vendor may sue for the unpaid installments on such a contract and that the vendee cannot compel him to accept the payments made and declare a forfeiture of the contract, presents no application of the law that assists us in reaching a conclusion here. That case was decided on the principle that the vendor may waive the forfeiture by continuing and acting on the contract, although time was of the essence of the contract. This clause, it is said, was for the exclusive privilege of the vendor, to be exercised or not at his option.

The case at bar comes within the exception considered in a quotation from Pomeroy on Specific Performance (section 335), in the first-mentioned case: "Equity will thus . . . often permit a vendee in default to excuse his breach as to the time of payment, and after excuse made compel the vendor to perform, (but) it does not do so arbitrarily. The vendee must always show equitable grounds for relief before equity will interpose." It hardly requires citation of authority to sustain the view of the trial court that if the statements of the plaintiff were true, the defendant should not be permitted to lull the plaintiff into security by telling him he need not comply promptly with the time clause of the contract, and then take advantage of the delay occasioned by his own act to declare a forfeiture. (Civ. Code, secs. 3512, 3515, 3517, 1511, subd. 3.) The testimony of defendant's son, that in September, 1905, he stated to plaintiff that, if he (plaintiff) was not going to do any more work (part of the payments having been made in labor), the payments would have to be

made in cash according to the contract, did not necessarily imply that the privilege of paying any time within the three years was revoked; but if such a construction must be given to this statement, a conflict of evidence would arise, and the trial court having accepted the plaintiff's testimony, the finding based upon it will not be disturbed by this court.

The privilege of paying at any time within three years accorded to plaintiff was formally withdrawn by defendant on July 1, 1906, and thereafter no default was made in the payment of any installment of principal, interest or taxes. That the tender of the aggregate amount of all delinquent payments was not made to defendant by plaintiff until ten days after such notice was given (July 1, 1906) did not render effective the declaration of forfeiture made at the same time the notice was given. Plaintiff was entitled to a reasonable time in which to make these payments. What was such reasonable time was to be determined by the trial court under the circumstances of the case. We are not prepared to say that the time accepted by the trial court was unreasonably long.

The finding that plaintiff was in possession of the property, or is entitled to the possession, except as the latter follows from the execution of the decree of specific performance made in the case, is not material to the judgment, and it is unnecessary to determine whether or not it is supported by the evidence. Plaintiff was entitled to have the contract enforced whether in possession or not. While the contract remained executory it gave no right of possession to plaintiff, but the evidence shows that he exercised some acts of ownership over the property before the forfeiture was declared, and that he later took possession of the property.

There is no merit in the contention that the option upon lots 23 and 24 was without consideration. A contract to make a contract upon performance of certain conditions is enforceable. It is a matter of common observation that contracts to convey real estate frequently require the making of a mortgage for the security of deferred payment, and such contracts are enforced. The written agreement of the parties here expressly provides that the option to purchase lots 23 and 24 is part of the consideration for the purchase of lots 1 and 2, and the evidence shows that the former were necessary to plaintiff's proper use of the latter for the purpose for which purchased, and that this matter was fully considered by the de-

fendant before signing the contract, and was the reason for the insertion of the option in the contract.

The waiver by defendant of the forfeiture which he was entitled to declare because of the failure by plaintiff to pay the installments of purchase money due on lots 1 and 2, was by express agreement, and therefore is not limited merely to that part of the contract relating to lots 1 and 2, but goes to the entire contract. The performance of the "foregoing," which was the consideration for the option, was excused by the waiver of forfeiture, as well as the payment of the installments on time. In this the case is distinguishable from one in which the waiver of the right of forfeiture is predicated upon mere acquiescence, and in which the element of actual consent is lacking. (*Swift* v. *Occidental Co.,* 141 Cal. 161, 173, [74 Pac. 700].)

The most of the exceptions reserved and presented as errors of law occurring at the trial were interposed upon the theory that the testimony introduced to show a waiver of the time clause in the contract was inadmissible on the ground that it was an attempt to vary a written contract by parol testimony. These exceptions are not especially presented, but we see no error in the court's rulings in this respect.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.