[Civ. No. 918.   Third Appellate District.—July 2, 1912.]

## CHARLES W. PECK, Respondent, v. BRIDGET M. COYLE, Appellant.

SPECIFIC PERFORMANCE—CONTRACT TO SELL LAND—TIME OF ESSENCE— WAIVER OF DEFAULT AND TIME CLAUSE—EXTENSIONS OF TIME— SUPPORT OF FINDING.—In an action for specific performance of a contract to sell land, which originally made time of the essence of the contract, in which the court found that the defendant waived default and also the time clause, by various extensions of time and agreements, it is held the evidence justifies the finding, where the reasonable inference from the facts and circumstances proved is that each extension was granted to enable the plaintiff to get what money she could, and the payments made were a sufficient consideration for the extensions, and the acts and declarations of the defendant, coupled with such facts and circumstances, indicated the waiver so found.

ID.—TENDER OF FULL PAYMENT—ABILITY TO PAY—SUPPORT OF FINDING.—Where the court found that the whole balance due was tendered within the time provided by the contract as extended, and that plaintiff then demanded a deed, which was refused, it is held, from a consideration of the evidence, that the final tender made justifies the finding that the plaintiff was able to pay the whole balance due when such tender was made, and that he then had in his possession a sum more than sufficient to pay all of the principal and interest then due.

ID.—EFFECT OF TENDER AND REFUSAL—DEFAULT OF VENDOR UNTIL DEED MADE—DEPOSIT NOT REQUIRED—SPECIFIC PERFORMANCE—FINAL CONCURRENT ACTS.—The effect of the full tender of payment of the amount due and of the refusal of the vendor to receive it from the purchaser, was to relieve the plaintiff as purchaser from further default and to put the vendor in default. The purchaser was not required to make a deposit in the name of the vendor, under section 1500 of the Civil Code, nor to put the money in his control, as a condition of maintaining an action of specific performance to compel a delivery of the deed. He is only required to be ready with his money when he receives the deed. The intention of the law is that the acts should be concurrent.

ID.—IMMATERIAL FINDINGS DISREGARDED—FAILURE OF PROOF NOT CONSIDERED.—Findings which are immaterial in their nature or are rendered immaterial may be disregarded; and the mere fact that there is no proof to sustain an immaterial finding cannot be considered.

APPEAL from a judgment of the Superior Court of Sacramento County.   Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Holl & Holl, and White, Miller & McLaughlin, for Appellant.

De Ligne & Jones, for Respondent.

HAWKINS, J. *Pro. Tem.*—The plaintiff and defendant entered into a written contract whereby plaintiff agreed to buy and defendant agreed to sell certain real property. The purchase price, amounting to $3,870, was fair and adequate and was to be paid as follows: Thirty dollars a few days after the execution of the agreement, and the balance in six annual installments of $640 each, on the 15th of November of each year, the first payment to be made November 15, 1905. Time was made the essence of the contract, and in case of default on the part of plaintiff, all payments were to be forfeited as liquidated damages. The plaintiff had the privilege of paying the entire purchase price at any time before maturity, and upon receiving payment, defendant agreed to execute a good and sufficient deed conveying the land to the plaintiff free and clear of all encumbrance. The plaintiff entered into possession of the property and made valuable improvements. He made the first payment of $30 but failed to pay the installments at the time specified in the contract, but did make certain payments which were accepted by the defendant. At the time fixed for the fifth payment a dispute arose as to the amount due and to be paid; whereupon the defendant demanded the entire balance under the contract, and it not being promptly paid gave written notice of forfeiture, and also that she would at once take possession of the property. The plaintiff thereupon tendered the balance due and demanded a deed, and the defendant declining to take the money or execute the deed, the plaintiff brought this action to enforce specific performance of the contract. The court found that the tender was made in the time provided by the contract and as extended by defendant; and that the money was immediately deposited in the name and to the credit of defendant in a bank of good repute and decreed specific performance.

The defendant appealed and presents several points to this court for determination.

First.  It is claimed that the evidence does not support the fifth finding of fact, to the effect that the defendant waived the provision of the contract providing that time should be the essence thereof, and extended the times of the payment thereof from time to time.

The first payment was made by note on November 15, 1906, and was paid November 17, 1908; the third payment was due November 15, 1907, and $227.98 was paid thereon on November 17, 1908.  At the same time defendant in writing extended the time for the payment of the balance of said third payment to November 15, 1909.  The record is silent as to the fourth payment, but the extension of the third payment of itself operated to extend the time of the payment of the subsequent installment also to November 15, 1909.  The defendant stated at the time the payments were made: ''Make what payment you can; it will be all right.''  ''I want you to have the property, and pay all you can.'' ''Raise all the money you can and it will be all right.''

The witness Henderson, who figured the matter up for the parties, was in the best position to know, and he testified that each time she granted an extension, defendant told plaintiff and witness that ''she reasoned she was getting a good price for the property, that she consulted with witness, and the witness told her why she would consent to it each time.''  The reasonable inference under such circumstances is that the extension was granted to enable defendant to get what money she could, and that payment would not have been made unless the extension had been granted.  The payments themselves were a sufficient consideration for the extension.

The circumstances, coupled with the acts and declarations of the defendant above set out, were a waiver of that portion of the contract which made time of the essence thereof (*Noyes* v. *Schlegel,* 9 Cal. App. 516, [99 Pac. 726]; *Boone* v. *Templeman,* 158 Cal. 290, [139 Am. St. Rep. 126, 110 Pac. 947].)

Second.  Appellant also attacks the seventh finding of fact in so far as it finds that on November 15, 1909, plaintiff offered to pay the amount then due under the contract, and was ready and willing and able to pay it.  The attack is on the ability of the plaintiff to pay.  The plaintiff testified

that he had at the house at that time enough money to make the balance of the third and all of the fourth payment. This would amount to $851.02, not counting interest. The fifth payment fell due that day, making a total of $1,491.02, not including interest. By agreement the further consideration of the subject was postponed until the next day. In the meantime the plaintiff saw Mr. Gerber and Mr. Henderson, and the latter, in the words of plaintiff, said: "He would see us through with this affair"; or, as expressed by Mr. Henderson: "I assured Mr. Gerber I would see these people through it financially." He also testified that on November 22d, plaintiff had money in a sack; that witness did not let him have that money, but that witness let him have money afterward. Mrs. Alice Cozzens testified that there was $2,900, more or less, in the sack, she being present when the money was thrown on the table. The plaintiff testified it was over $2,900. On November 28th, through the witness McKinney, plaintiff tendered in actual coin $2,907.

We therefore conclude that the evidence justifies the finding that plaintiff was able to pay.

Third. Appellant claims that plaintiff cannot demand specific performance unless he first makes tender on his part and then keeps the same good under section 1500 of the Civil Code. It is true that plaintiff was not entitled to specific performance while he was in default, but was he in default? As already seen, the plaintiff's time had been extended until November 15, 1909. In the meantime defendant had given a power of attorney to her son, and when plaintiff on that date met the son for the purpose of settling matters he informed plaintiff, "We came here for the whole payment on the property." After considerable argument the son said they would meet the next day and settle up, and plaintiff said: "The money is ready for you any time." The next day the son at first said he had no time to come up and then said he had to see his sister first. The plaintiff asked for the abstracts of the property. The son said: "We will have them." Plaintiff then said: "Let me know when you are ready and I will be ready for you." On the 18th the son served written notice on plaintiff that the contract was forfeited, and that defendant would take possession at once. No prior demand had ever been served upon plaintiff

that defendant would strictly enforce the contract, nor had notice of any time been served within which plaintiff was required to pay within a specified time. However, an appointment was then made for the next day and at the request of the son was postponed until the next afternoon, and this last appointment the son failed to keep. Plaintiff then immediately went to see the defendant, who sent word to her son to take the money and settle up. When the message was delivered the son said he had to see his sister first. The plaintiff replied he was ready to see him any time. Again the plaintiff sought the defendant, and she requested that Mr. Henderson, cashier of the bank, come out the next day, November 22d, and plaintiff took Mr. Henderson out and tendered the money by placing it on the table. The defendant said she wanted the money and did not see why she could not take it, but the son went into a rage and threatened violence, and prevented settlement. The plaintiff then again made a formal tender of the actual cash and demand for the deed, the last notice being served November 28, 1909. At no time did the defendant say that she refused the money because it was not paid in time, and she always said she wanted the plaintiff to have the place and she wanted to take the money if her son would consent. Under such circumstances it cannot be said that the plaintiff was ever in default, but the defendant was in default from the time that the money was tendered and she refused to take it and execute the deed.

The third finding is to the effect that plaintiff deposited the amount of the tender in the name of the vendor with a bank of good repute in this state, and gave notice thereof to defendant. If this finding is supported by the evidence, it operates to extinguish the obligation of payment by plaintiff. But does the evidence support the finding? The record shows that written notice of the necessary facts was given to plaintiff. The notice alone does not prove the facts. The only other evidence in the record is the statement of the witness, Mrs. Alice Cozzens, that the entire amount of money which is now on deposit at the Sacramento Bank was thrown on the table. This is only a recital, and is not sufficient evidence to support the finding that the money was deposited in the bank in the name of the defendant.

We are of the opinion, however, that the action for specific performance can be maintained where a proper tender has been made, though the tender be not kept good under section 1500 of the Civil Code. (*Haile* v. *Smith,* 113 Cal. 656, [45 Pac. 872]; *Latta* v. *Sutton,* 122 Cal. 279, 282, 68 Am. St. Rep. 30, 54 Pac. 844]; *Kerr* v. *Moore,* 6 Cal. App. 305–308, [92 Pac. 107].)

The tender operated to relieve the plaintiff from default, and the defendant was thereafter in default until she executed and tendered the deed. Had plaintiff deposited the money to the credit and in the name of defendant, there would remain nothing for him to do when the deed was presented; but as it is not shown as an affirmative fact by the testimony that the money was so deposited, the plaintiff will be required to pay the money upon delivery of the deed. The failure to make the deposit goes to the form of the judgment only. The law does not require the purchaser to deposit the money in the vendor's name, and thus place himself at the vendor's mercy before he can maintain an action for specific performance to compel the delivery of the deed. He must, however, be ready with his money when he receives his deed. The intention of the law is that the acts should be concurrent.

Fourth. Appellant also contends that there is no evidence to support that part of the second finding of fact to the effect that in addition to the sum of payments of principal therein mentioned there was also paid all of the interest on the deferred payments up to the fifteenth day of November, 1908. The witness Henderson testifies that he was present at the time and made a computation as to the amount due under the contract, and that the computation was agreed to as being correct by both plaintiff and defendant. On cross-examination he testified that the amount paid was $869.96. This must have included only a very small amount of interest. The plaintiff testified that he understood that everything was closed up to November 15, 1908. Conceding that the witnesses were mistaken, and that the whole amount paid was only $1,537 on principal, and that no interest was paid, still the amount tendered by the plaintiff to the defendant, to wit, $2,907, was an amount even larger than the total amount of

interest, plus the total amount unpaid on principal, and therefore the finding, even if erroneous, becomes immaterial.

Some other points are made in appellant's brief, but under the view we take of the entire matter, it will not be necessary to discuss them.

While the evidence, as we have held, is insufficient to sustain the finding that the plaintiff deposited the money in the name of defendant in a bank of good repute, such finding is immaterial, and may be disregarded. The judgment should be modified by adding to the first paragraph of the decree, and after the order that defendant make, execute and deliver to plaintiff a good and sufficient deed, the words, "Upon receiving from plaintiff the sum of $2,907," and as so modified affirmed, and it is so ordered, plaintiff to recover costs on the appeal.

Chipman, P. J., and Burnett, J., concurred.

By order of the supreme court, Nicholas A. Hawkins, Superior Judge in and for the county of Yolo, was appointed to act in the determination of the foregoing case, on account of the disqualification of Justice Hart.