[Civ. Nos. 3134 and 3151. Third Appellate District—January 19, 1927.]

## ALBERT J. LEWIS et al., Respondents, v. WILLIAM FOWLER et al., Appellants.

[1] APPEAL—AMENDED COMPLAINT—DENIAL OF MOTION TO STRIKE—ABSENCE OF ORDER FROM RECORD.—Where defendants' motion to strike from the files an amendment to the complaint, made to conform to the proofs, and to vacate the order granting plaintiffs leave to file such amendment is denied, but a copy of the order denying such motion is not contained in the record on appeal, the appeal from such order cannot be considered.

[2] ID.—DENIAL OF NEW TRIAL—WAIVER OF NOTICE—BELATED REQUEST FOR TRANSCRIPT.—Where the affidavit in support of such motion recites that defendants' motion for a new trial was heard on a stated date and that the court denied such motion, formal notice of the order denying the motion for a new trial was waived; and where defendants did not file their request for a transcript, under section 953a of the Code of Civil Procedure, until more than ten days after the making of said affidavit, such request came too late, and said transcript could not be considered on appeal.

[3] ID.—AMENDMENT OF COMPLAINT—MOTION TO VACATE ORDER—EXTENSION OF TIME TO REQUEST TRANSCRIPT.—In such action, defendants' time to request a transcript under section 953a of the Code of Civil Procedure was not extended by their motion to vacate the order permitting plaintiffs to amend their third amended complaint, even though such motion was not decided until after they had filed their request for a transcript.

[4] ID.—ISSUES—FINDINGS—PRESUMPTIONS.—Where an appeal is on the judgment-roll alone, the objection that a finding is outside the issues will not be considered, but it will be presumed that the case was tried, without objection, upon the theory that the fact so found was in issue.

[5] LANDLORD AND TENANT—SPECIFIC PERFORMANCE—PLEADING—ADMISSIONS—NEGATIVE PREGNANT—FINDINGS.—In an action by the lessees to compel specific performance of a lease and that they be let into possession of the demised premises, where the allegation of the complaint that "plaintiffs have at all times been and now are ready, able, and willing to comply with all the conditions

---

1.  See 2 Cal. Jur. 693.
2.  See 2 Cal. Jur. 628.
4.  See 2 Cal. Jur. 690.
5.  See 24 Cal. Jur. 952.

and covenants of said lease and pay to defendants the considera-
tion therein named, and are ready to occupy said premises," is
not denied—the attempted denial thereof being a negative preg-
nant—a finding on the facts thus admitted by the pleadings is
not necessary.

[6] ID.—REPUDIATION OF LEASE—TENDER EXCUSED.—Where defendants,
prior to plaintiffs' demand for possession of the demised premises,
repudiated the lease by declaring it "terminated and the rights of
the plaintiffs thereunder forfeited," plaintiffs were excused from
making a formal tender of the first month's rent.

[7] ID.—OFFER OF PAYMENT—REASONABLE TIME—FINDING.—In this
action by the lessees to compel specific performance of a lease
and that they be let into possession of the demised premises, the
trial court was justified in finding that the offer of payment by
plaintiffs, in compliance with and eleven days after demand of
defendants, was made within a reasonable time.

(1) 4 C. J., p. 525, n. 10 New.   (2) 4 C. J., p. 419, n. 20; 31 Cyc.,
p. 391, n. 19.   (3) 4 C. J., p. 419, n. 20.   (4) 4 C. J., p. 775, n. 47.
(5) 31 Cyc., p. 203, n. 38; 38 Cyc., p. 1973, n. 16.   (6) 36 C. J.,
p. 335, n. 57.   (7) 36 Cyc., p. 709, n. 32.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying defendants'
motion to strike from the files an amendment to the com-
plaint. Carlos S. Hardy, Judge. Judgment affirmed and
appeal from order dismissed.

The facts are stated in the opinion of the court.

Milton M. Cohen, James S. Roche and C. O. Bacon for
Appellants.

Harry Lyons for Respondents

FINCH, P. J.—The defendants have appealed, on a record
prepared in accordance with the provisions of section 953a
of the Code of Civil Procedure, from the judgment entered
herein in favor of the plaintiffs. They have also ap-
pealed, on a bill of exceptions, from the order of the trial
court denying their motion to vacate an order, made after
entry of judgment, "permitting the plaintiffs to amend
their third amended complaint and to strike from the files

6.   See 23 Cal. Jur. 460.

plaintiffs' purported amendment to third amended complaint." The two appeals have been consolidated and they were argued and submitted together.

June 23, 1922, the parties executed a written lease, by the terms of which the defendants leased to the plaintiffs the Fowler Apartments in the city of Los Angeles for a term of three years, commencing November 15, 1922, at a monthly rental of $200, payable monthly in advance. The lease provided for the payment of $200 at the time of its execution, which sum was so paid, and "$200 September 1, 1922, being two last months rent, and $200 when taking possession of said premises."

The third amended complaint alleges the foregoing admitted facts, and, further, that at numerous times after the execution of the lease the plaintiffs tendered to the defendants payment of the sum of $200 due September 1, 1922, and demanded possession of the premises, but that the defendants refused to accept such payment or to admit plaintiffs into possession; that "plaintiffs have at all times been and now are ready, able and willing to comply with all of the conditions and covenants of said lease and pay to defendants the consideration therein named, and are ready to occupy said premises, but that defendants have refused to carry out said lease according to the terms and conditions therein provided, and refuse to let into possession the plaintiffs herein." Among other things, the prayer is for judgment "that this lease be specifically performed and that plaintiffs be let into possession of said premises upon the payment by plaintiffs of the consideration as in said contract of lease provided."

The answer admits the execution of the lease and the payment of $200 at the time of such execution. The remainder of the answer is as follows: "Defendants deny that at numerous, or at any time, or times, between the execution of said contract of lease and the commencement of this action, the plaintiffs tendered, or have tendered, defendants a further sum of $200.00, as in said contract provided, or otherwise, and defendants further deny that upon the alleged tendering of the aforesaid amount to defendants plaintiffs, or either of them, demanded that they be let into possession of the said premises on the 15th day of November, 1922, or at any time, or at all; defendants deny that plain-

tiffs have at all times been ready, or able, or willing, to comply with all, or any of the conditions and covenants, or conditions or covenants, of said lease, and/or to pay to defendants the consideration therein named, and these defendants further deny that they have refused to carry out said lease according to the terms and conditions, or terms or conditions, therein provided.''

The court found that at the time of the execution of the lease the leased property was in the possession of one Elsie Coltrin under a lease, the term of which ended November 14, 1922; that at the expiration of her term she refused to surrender possession; that on November 23, 1922, defendants commenced an action against her for the possession of the premises and recovered judgment therein February 2, 1923; ''that prior to the 2nd day of February, 1923, the defendants were unable to deliver possession of the said premises to the plaintiffs''; that the plaintiffs did not make payment of the sum of $200 provided by the lease to be paid September 1, 1922, but that such payment at that time ''was waived by the defendants and that the payment thereof was deferred by the defendants until such time as they should be able to deliver possession of the premises unto the plaintiffs, and that up to the 7th day of February, 1923, the defendants respected the plaintiffs' rights to the property and were willing to go on with the lease made with the plaintiffs; that the plaintiffs had likewise waived the delivery of possession unto them . . . as provided for in the lease and had deferred the delivery and possession until such time as the defendants should be able to do so''; that ''on February 2nd, 1923, the defendants made a verbal demand upon the plaintiffs for the payment of the said sum of $200 and stated to the plaintiffs that they may make the said payment at any time between the said date and . . . the 5th of February, 1923; that on the 7th day of February, 1923, the said sum of $200 was still unpaid; that the defendants on said date tendered to plaintiffs the said sum of $200 which the said plaintiffs had paid to defendants on the 3rd day of June, 1922, and declared the lease terminated and the rights of the plaintiffs thereunder forfeited; that the plaintiffs have refused to accept a return of the $200; that on the 13th day of February, 1923, the plaintiffs offered to pay to the defendants the said sum of $200, the sum provided for in the lease to be paid on the

1st day of September, 1922, and offered to go on with the lease''; that the defendants refused to let plaintiffs into possession of the premises; that ''the period of time within which to make the payment of the said $200 by the plaintiffs specified in the aforesaid demand, on the 2nd day of February, 1923, was too short, arbitrary and unreasonable; that the subsequent offer of payment by the plaintiffs on the 13th day of February, 1923, was made within a reasonable time after the demand for such payment was made by the defendants upon the plaintiffs.'' The judgment, among other things, requires the defendants to deliver possession of the premises to the plaintiffs upon payment by the latter of the rental then due, including the first month's rent of $200.

[1] After the entry of judgment and after the denial of defendants' motion for a new trial the court granted the plaintiffs permission to file an amendment to the third amended complaint, alleging the aforesaid facts found by the court relative to the inability of the defendants to deliver possession of the premises at the time required by the lease, their waiver of the time of payment of the installment of rent falling due September 1, 1922, and the subsequent demands, offers and acts of the respective parties. The order granting such permission recites that during the trial, on the twentieth day of March, 1924, the plaintiffs moved the court for leave to amend the complaint and, at the conclusion of the trial, moved the court ''that the said pleadings be deemed amended to conform to the proof in the said cause,'' and that both motions were duly granted. The order granted leave to file such amendment ''as of the 20th day of March, 1924,'' and directed the clerk to file the amendment and include the same in the judgment-roll. The amendment was thereupon filed. Thereafter the defendants moved the court to strike the amendment from the files and to vacate the order granting plaintiffs leave to file the amendment. The motion was denied and the defendants gave notice of appeal from the order denying their motion. The record does not contain a copy of the order from which the appeal was taken and, therefore, the appeal cannot be considered. (Code Civ. Proc., sec. 951; *Kimple* v. *Conway,* 69 Cal. 71, 72 [10 Pac. 189]; *Timmons* v. *Coonley,* 39 Cal. App. 35, 36 [179 Pac. 429].)

[2]   Judgment was entered May 23, 1924.   July 14, 1924,
the defendants' motion for a new trial was denied.   The
order granting plaintiffs leave to amend the third amended
complaint was made July 16, 1924.   Thereafter the defend-
ants served and filed their notice, together with the affidavit
of C. A. Bacon, one of the attorneys for defendants, that
they would move the court on the thirty-first day of July,
1924, to vacate the order granting leave to amend the com-
plaint.   The affidavit was sworn to on the 25th of July,
1924, and it is stated therein that the defendants' motion
for a new trial was heard on the 14th of July, 1924, and
that the court "denied the motion for a new trial and
that thereafter the attorney for the plaintiffs obtained from
said court a purported order, granting leave to file an
amendment to plaintiffs' third amended complaint."   Ap-
pellants did not file with the clerk a request for a transcript
until August 14, 1924.   Section 953a of the Code of Civil
Procedure provides that such a notice "must be filed within
ten days after notice of entry of the judgment, order or
decree, or if a proceeding on motion for new trial be pend-
ing, within ten days after notice of decision denying said
motion, or of other termination thereof."   It does not ap-
pear that any notice of the order denying a new trial was
served upon defendants, but the aforesaid affidavit, stating
that the motion for a new trial had been denied, was filed
more than ten days before the request for a transcript of
the evidence was filed.   This constituted a waiver of formal
notice of the order.   "A written admission by a party
entitled to notice, of knowledge that the judgment had
been entered would supersede the necessity of giving such
notice."   (*Smith* v. *Questa,* 58 Cal. App. 1, 6 [207 Pac.
1036].   See, also, *Hughes* v. *De Mund,* 195 Cal. 242 [233
Pac. 94], and *Mallory* v. *See,* 129 Cal. 356 [61 Pac. 1123].)
The notice to the clerk having been filed too late, the tran-
script of the evidence cannot be considered.   (*Spear* v.
*Monroe,* 181 Cal. 728 [186 Pac. 149]; *Des Granges* v. *Des
Granges,* 175 Cal. 67 [165 Pac. 13].)   [3]   Appellants con-
tend that their time to request a transcript was extended
by their motion to vacate the order permitting amendment
of the third amended complaint, which motion was not de-
cided until after they had made such request.   In support
of such contention, they rely upon the provision of section

953a of the Code of Civil Procedure hereinbefore quoted. It is clear that the word "thereof" in such provision relates to the "proceeding on motion for a new trial" and not to other proceedings in the action.

[4] The judgment may be affirmed without giving any effect to the amendment to the third amended complaint. Appellants contend that there is a fatal variance between the allegations of the complaint and the findings, in that the complaint alleges performance, or offer to perform the covenants of the lease, while the court finds that performance at the time required by the terms of the lease was waived by defendants. Where the appeal is on the judgment-roll alone, the objection that a finding is outside the issues will not be considered, but it will be presumed that the case was tried, without objection, upon the theory that the fact so found was in issue. (*Peck* v. *Noee,* 154 Cal. 354 [97 Pac. 865]; *Horton* v. *Dominguez,* 68 Cal. 642, 643 [10 Pac. 186]; *Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal. App. 318, 325 [147 Pac. 90]; *Schroeder* v. *Mauzy,* 16 Cal. App. 443, 447 [118 Pac. 459].) [5] There is no denial of the allegation that "plaintiffs have at all times been and now are ready, able and willing to comply with all the conditions and covenants of said lease and pay to defendants the consideration therein named, and are ready to occupy said premises," the attempted denial thereof being a negative pregnant. It is not necessary to find a fact admitted by the pleadings. [6] It is neither alleged nor found that the plaintiffs tendered payment of the first month's rental of $200 upon demanding possession, but the court found that the defendants, prior to such demand, had repudiated the contract of lease by declaring it "terminated and the rights of the plaintiffs thereunder forfeited." Such repudiation excused the plaintiffs from making a formal tender of the first month's rent. (*Buckmaster* v. *Bertram,* 186 Cal. 673, 678 [200 Pac. 610].) It may be observed further that the defendants denied in their answer that they had "refused to carry out said lease according to the terms and conditions, or terms or conditions, therein provided." It may be inferred from the findings that at the trial the defendants attempted to prove, without having alleged, a rescission of the contract or a forfeiture of the plaintiff's rights thereunder and that the plaintiffs met such attempt by proof of

a waiver by defendants. **[7]** It cannot be held that the court was not justified in finding that "the offer of payment by the plaintiffs on the 13th day of February, 1923, in compliance with the demand of the defendants made on the 2nd day of February, 1923, . . . was made within a reasonable time." (*Noyes* v. *Schlegel,* 9 Cal. App. 516, 521 [99 Pac. 726].)

The appeal from the order is dismissed and the judgment is affirmed.

Preston, J., *pro tem.*, and Plummer, J., concurred.