This is an appeal from a judgment upholding a certain conveyance of real estate by appellee Carolyn A. Smoker to her son, Gregory A. Smoker, and his wife, Carolyn S. Smoker. Appellant Charles T. Reese, a judgment creditor of Carolyn A. Smoker, seeks to set aside the conveyance as fraudulent. For the reasons set out herein, we affirm.
Prior to December 9, 1981, appellee Carolyn A. Smoker had been experiencing various financial difficulties. On February 24, 1981, Charles T. Reese, the appellant here, filed suit against Carolyn A. Smoker for breach of contract; at that time he was a creditor of Carolyn A. Smoker. The case was heard by the trial court on December 9, 1981, and on December 28, 1981, judgment was entered against Carolyn A. Smoker in favor of Charles T. Reese in the sum of $42,680.50. Reese then brought this action against Carolyn A. Smoker and her son and daughter-in-law, Gregory A. Smoker and Carolyn S. Smoker, in order to set aside a conveyance of real estate from Carolyn A. Smoker to Gregory and Carolyn S. Smoker as fraudulent under Code 1975, § 8-9-6.
The evidence shows that Carolyn A. Smoker intended to sell her house in Geneva, Alabama, before a creditor could obtain a judgment against her. Her methods for finding a buyer were not normal market practice, in that even though she engaged a broker, she did not list the house and had no "For Sale" sign placed in the yard. The only offer she received prior to December 8, 1981, was for $47,500.00, from which the broker's six percent commission was to be paid, thus leaving a net sum of $44,650.00 for Mrs. Smoker. On December 8, 1981, Gregory A. Smoker, who lived in Union Springs, Alabama, made a routine phone call to his mother, and during that conversation she told him that she was going to sell the house for $45,000.00. Gregory told his mother that he could pay a thousand dollars or so more than that, and she agreed to sell the house to him. He did not know that she had a suit pending against her, although he did know that she was having financial trouble, and he had given her $500.00 once. The deed from Carolyn A. Smoker to Gregory A. Smoker and Carolyn S. Smoker was dated December 8, 1981, and filed for record on the same day. On December 9, 1981, Gregory delivered to Carolyn A. Smoker cashier's checks totaling $46,300.00 in payment for the house. A title opinion dated December 10, 1981, was delivered to Gregory, and it showed no suit against his mother. It was not until January 1982 that he learned of the suit and judgment against his mother. Carolyn A. Smoker used the money to pay off the three mortgages on the house. Gregory and Carolyn S. Smoker still own the house and have used it as rental property.
This present case was presented to the trial court partly ore tenus, and appellant Charles T. Reese produced as evidence two appraisals of the house in question that placed its 1983 market value at over $72,000.00. The trial court ruled that although the conveyance was from a mother to a son one day before the trial of a case against the mother, "the evidence is insufficient to show a fraudulent scheme on the part of the defendants, Gregory A. Smoker and Carolyn S. Smoker, to defraud creditors." The court also held that the consideration paid by Gregory Smoker was not "greatly disproportionate to its actual value under the circumstances." The court then rendered judgment for the defendants, Carolyn A. Smoker and Gregory and Carolyn S. Smoker. *Page 508 
The issues in this case are: Does the evidence require a finding that defendants Gregory Smoker and Carolyn S. Smoker were guilty of intentional fraud? If not, then was the consideration paid so inadequate as to require a finding of constructive fraud?
The Court recognizes that conveyances of property between family members in the face of a pending suit against the transferor must be carefully scrutinized. As the Court stated in Gurley v. Blue Rents, Inc., 383 So.2d 531, 535 (Ala. 1980):
 "In Alabama, the fact that a conveyance took place between a husband and wife does not raise any presumption of fraud, nor does it represent a badge of fraud. Instead it alters the scrutiny with which the court must consider the conveyance. In Umphrey v. Barfield, 238 Ala. 11, 13, 189 So. 64, 65 (1939), this Court reasoned that `. . . transactions between persons occupying such relationship are to be jealously watched and must be subjected to closer scrutiny than would be required of a stranger.'"
The same increased scrutiny applies to a transaction between a mother and a son.
It is clear from the evidence that the mother, Carolyn A. Smoker, was intending to hinder her creditors. Her sale of the house contains the three elements of a fraudulent conveyance set out in Roddam v. Martin, 285 Ala. 619, 623, 235 So.2d 654,657 (1970): "It must be shown that there is: (1) a creditor to be defrauded, (2) a debtor intending to defraud, and (3) a conveyance of property out of which the creditor could have realized his claim or some portion thereof." However, this is not enough to set aside the conveyance. As this Court said inJ.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 843 (Ala. 1981):
 "Further proof, however, is required before a conveyance found to be fraudulent is due to be set aside.
 Where it appears the transfer in question was made for a valuable consideration, a plaintiff seeking to invoke the protection of Code 1975, § 8-9-6, must show the mutual fraudulent intent of the parties to the transaction. Proof of the grantor's intent alone is insufficient to cause the conveyance to be set aside." (Emphasis original.)
In this case we are clearly dealing with a grantor who was insolvent, failing, or financially embarrassed at the time of the conveyance and who intended to defraud creditors. The issues in this case deal only with the alleged fraudulent intent of the grantees. The grantees must be guilty of actual fraud or of constructive fraud in order to cause the conveyance to be set aside.
The trial court found that the plaintiff Reese had failed to show fraudulent intent on the part of grantees Gregory and Carolyn S. Smoker. This conclusion is supported by the evidence before the trial court. Where the trial court hears a case presented ore tenus, every presumption must be indulged in favor of its findings, and they will not be disturbed unless palpably wrong. J.C. Jacobs Banking Co. v. Campbell,406 So.2d 834 (Ala. 1981); Ford v. Alabama By-Products Corp.,392 So.2d 217 (Ala. 1980). The trial court's finding of no fraudulent scheme on the part of Gregory and Carolyn S. Smoker is not palpably wrong.
Appellant Reese also contends that appellees Gregory and Carolyn S. Smoker are guilty of constructive fraud which will defeat the conveyance. "The term `constructive fraud' is generally used in referring to those instances where a grantor, indebted at the time, conveys property on a good as distinguished from a valuable consideration." Smith v. Wilder,270 Ala. 637, 649, 120 So.2d 871, 882 (1960). Once constructive fraud is alleged in a family transaction, the grantee has the burden of proving the bona fide character of the underlying transaction. Gurley v. Blue Rents, Inc., supra. The burden is upon the grantee to show a consideration both valuable and adequate. Smith v. Wilder, supra, 270 Ala. at 650,120 So.2d at 878. Gregory Smoker paid more than the net *Page 509 
value of the single offer for the house and paid only about a thousand dollars less than the house had been originally bought for in 1975. Though appellant Reese presented two appraisals showing the house's reasonable market value at over $72,000.00, neither of the two appraisers was from Geneva County and neither had done similar appraisals in that county before. One appraiser testified that an appraisal of reasonable market value does not mean that the property can be sold for that value, and the other appraiser stated that he had been a friend of the appellant for twenty-five years. Based on the conflicting evidence, the trial court's conclusion that Gregory Smoker paid a consideration that was not greatly disproportionate to the house's actual value is not palpably wrong and will not be disturbed. J.C. Jacobs Banking Co. v.Campbell, supra; Ford v. Alabama By-Products Corp., supra.
Appellant Reese contends that the trial court's words "greatly disproportionate" set up a new test for valuing consideration paid. We see the difference between consideration being not "greatly disproportionate to its actual value" and being "both valuable and adequate" as inconsequential. Black'sLaw Dictionary 638 (rev. 5th ed. 1979), defines "inadequate" as "disproportionate." See, Kerr v. Moore, 6 Cal.App. 305,92 P. 107 (1907) ("not disproportionate to the value" held to meet the requirement that the adequacy of the consideration must be shown).
Reese also contends that even if appellees Gregory Smoker and Carolyn S. Smoker are not guilty of constructive fraud then the Court should apply the equitable principle that when the consideration paid is found to be substantially inadequate, the conveyance will be allowed to stand only as security for the value actually paid. "Therefore, when the consideration, though valuable, is found to be substantially inadequate, and the grantee is without knowledge of the grantor's intent or of facts putting him on inquiry as to that intent, the conveyance will be allowed to stand only as security for the value actually paid." J.C. Jacobs Banking Co. v. Campbell, supra, at 844; Central Bank of Alabama, N.A. v. Ambrose, 435 So.2d 1203
(Ala. 1983). However, there is no need to apply this principle in this case, for the consideration paid was adequate.
Where the trial court hears a nonjury case presented ore tenus, its findings of fact will not be disturbed unless palpably wrong. The trial court's conclusions that appellees Gregory and Carolyn S. Smoker did not engage in intentional fraud and that the consideration paid was adequate to foreclose a finding of constructive fraud are not palpably wrong. The trial court was clearly aware of the scrutiny needed in a transaction like this one between family members and was in the best position to weigh the value of the consideration paid in light of the circumstances. The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES, EMBRY and BEATTY, JJ., concur.