# Gibson *v.* Trowbridge Furniture Co.

*Bill in Equity by Creditors to set aside Fraudulent Convey-
ance by Insolvent Corporation.*

| 93 | 579 |
| 94 | 292 |
| 94 | 326 |
| 94 | 332 |
| 93 | 579 |
| 96 | 359 |
| 96 | 467 |

1. *Joinder of creditors as plaintiffs.*—By the common practice for thirty years, which this court has approved, two or, more creditors by simple contract may join as complainants in a bill to set aside on the ground of fraud a conveyance executed by their common debtor.

2. *When bill may be filed; allegations as to maturity of debts.*—A creditor without a lien, or by simple contract only, can not maintain a bill in equity to set aside a fraudulent conveyance by his debtor (Code, § 3544), until the maturity of his debt; but, where several creditors join in such bill, alleging the sale and delivery of goods by each of them to the debtor, and adding, "and the prices for the same are owing, unpaid and due," this, though not very specific, is sufficient on demurrer to show that the debts were due when the bill was filed.

3. *Averments of fraud.*—In a bill which seeks to set aside, on the ground of fraud, a conveyance of its stock of goods by an insolvent corporation to its president, alleging that he had purchased the stock of goods from the assignee of a partnership which had failed, and delivered them to the corporation in payment of his subscription to its stock; that the goods were afterwards transferred to him for the purpose of reimbursing the amount so paid and subscribed; that he paid nothing to the company for them; that neither the company nor its creditors received any benefit from the transfer; that the transfer was without warrant of law, or color of right, being without any legal or valid consideration; a sufficient statement of the facts constituting the alleged fraud is set forth.

4. *Sworn answer from one of two defendants.*—In a bill which seeks to set aside a conveyance on the ground of fraud, an answer under oath may be required from the grantee, although it is not required from the other defendant.

5. *Description of plaintiffs' claims in bill.*—The complainants being creditors by simple contract only, and seeking to set aside a fraudulent conveyance of his property by their debtor, the bill must set forth the character of their respective demands, whether evidenced by writing or existing in open account, and when due

APPEAL from the City Court of Decatur, in equity.
Heard before the Hon. WM. H. SIMPSON.

BRICKELL, HARRIS & EYSTER, and KYLE & SKEGGS, for the appellant.

E. W. GODBEY, *contra.*

STONE, C. J.—The transcript in this case contains the original bill, and that which is described as a second amendment.

[Gibson v. Trowbridge Furniture Co.]

If there was a first amendment, it is not shown in the transcript. Possibly it was made by interlineation, and, in the transcript before us, the amendment was incorporated in the body of the original bill. We must deal with the pleadings as they are presented to us.

The present is a bill by several persons and corporations, claiming to be creditors at large of a corporation known as the "Decatur Furniture Company," which had its place of business at New Decatur, Alabama. The *gravamen* of the bill is, that the said corporation had fraudulently disposed of its entire property and effects, chiefly to Gibson, and the balance to Estes, president and manager of the corporation, and that the said corporation is now insolvent. The corporation and Gibson and Estes are now made defendants. There was demurrer to the bill and amended bill, and the chancellor's decretal order overruling the demurrer is the subject of the present appeal.

One of the grounds of demurrer relied on is, that the purpose of the bill being to subject property alleged to have been fraudulently disposed of, it can not be prosecuted and maintained in a joint suit by several separate creditors, who have not reduced their claims to judgment. This precise question was ruled against the demurrer in *Tower Manufacturing Co. v. Thompson*, 90 Ala. 129. There is nothing in this objection.

The second ground of demurrer is, that the bill and amended bill fail to set forth that the claims on which the suit is founded were due and demandable when the bill was filed. *Jones v. Massey*, 79 Ala. 370, is relied on in support of this contention. The authority sustains the contention, if the facts justify it. The bill sets forth the names of the several creditors, and the several amounts claimed by each. It also states that the consideration of each of the claims was furniture shipped to the Decatur Furniture Company pursuant to its order. It then contains this averment: "All of which were by your respective orators shipped to the Decatur Furniture Company, and to it delivered at Decatur, Alabama; and the prices for the same are owing, unpaid and due." This averment, although not very specific, we hold is sufficient on demurrer.

A third ground of demurrer is, that although the bill charges, in general terms, that the conveyance of the corporation's effects by Estes, the manager, to Gibson, the president, was fraudulent, yet it does not sufficiently set forth the facts which constitute the fraud. It is certainly true that a mere charge of fraudulent intent is not sufficient. The pleader must aver the facts which constitute the fraud.—3 Brick. Dig. 510, § 31. The bill charges "that the pretended sale and transfer of the stock in trade of the Decatur Furniture Company, to the de-

[Gibson v. Trowbridge Furniture Co.]

fendant R. F. Gibson, was without warrant of law, or color of right, there being no legal and valid consideration therefor; that neither the Decatur Furniture Company, nor its creditors, received any benefit by reason thereof; that said Gibson paid said company nothing therefor; that Gibson's purpose in procuring the said transfer to himself was to reimburse himself for money he had expended in compromising the claims against the insolvent firm of Sessions & Estes, and the subscription he had made to the capital stock of the Decatur Furniture Company; and that the intent and effect of such transfer, and the unequal division of the spoils between himself and said Estes, was to hinder, delay and defraud the creditors of said company, among whom are your orators." In a former part of the bill it had been charged that Sessions & Estes had previously been in the furniture business, "had become embarrassed and insolvent, and made an assignment for the benefit of their creditors, after which defendant R. F. Gibson, at the instance of defendant J. L. M. Estes, a member of said firm, effected a compromise with the creditors of said firm, and procured the assignee of said firm to convey to him, Gibson, the stock of furniture previously assigned, the creditors consenting thereto." It is not shown what sum Gibson paid in compromising the debts of Sessions & Estes, nor is the value of the furniture he acquired as the fruit of the compromise answhere shown. It can not be assumed he paid out in the compromise more than the value of the furniture he received as the result of the compromise. When the Decatur Furniture Company was incorporated, Gibson, according to the averments of the bill, turned over this furniture in payment of the stock he took in the corporation.

The extract from the bill, last above copied, considered in connection with said previous averments of the bill, make substantially the following case: Gibson compromised and settled the debts of the insolvent firm of Sessions & Estes, and obtained therefor their stock in trade. This furniture, or stock in trade, he carried into the corporation known as the Decatur Furniture Company, and therewith paid for the shares of capital stock in the corporation which he subscribed for. The corporation soon failed and went into insolvency, Gibson taking the furniture, or stock in trade, in alleged repayment of the money he had expended in compromising the debts of Sessions & Estes, and in reimbursing himself for the stock he had subscribed in the corporation. And, in addition to this, the bill charges that the assignment of the furniture to Gibson was without any legal or valid consideration therefor, and that neither the Decatur Furniture Company nor its creditors

[O'Brien v. Anniston Pipe-Works.]

derived any benefit ifrom the sale. The demurrer admits the truth of these averments.

As we said above, it is nowhere shown that Gibson, in compromising the debts of Sessions & Estes, paid out a greater sum than the value of the furniture he acquired by the compromise. But, if this were so, it would give him a claim only against Sessions & Estes. Under no circumstances could he charge such loss against the corporation. Nor could he rightfully claim anything on account of stock, until all the debts of the corporation were paid. Corporations must first pay debts, before declaring dividends.

The bill, though not as direct and specific in its charges of fact constituting fraud as could be desired, is nevertheless sufficient to withstand the test of a demurrer.

The present bill is one for relief against a sale of property by a debtor, alleged to be fraudulent; and while it prays for sworn answer and discovery from the defendant Gibson, it is not what is known in the books as a bill for discovery. The equity of the bill rests on the fraud charged, and not on the discovery prayed. It is no ground of demurrer to such bill that it requires a sworn answer from one defendant, and dispenses with it as to the other.— *Tutwiler v. Tuskaloosa C. I. & L. Co.*, 89 Ala. 391.

The bill is imperfect, in that it fails to set forth the character of the demands, whether evidenced by writing signed, or existing in open account, and when due. The latter is a necessary predicate for a proper decree. We will render no decree on this defect of the bill, but direct that, if it is not remedied within a reasonable time to be prescribed by the City Court sitting in equity, then that the bill be taken from the file.—1 Dan. Ch. Pr. 784, n. 3, p. 785.

Let the costs of appeal be paid equally by the appellants and appellees.

Modified and affirmed.