# Brooks v. Lowenstein Bros. *et al.*

### *Bill to Set Aside Fraudulent Conveyance.*

1. *Partners; their liability joint and several.*—The liability of partners to their creditors is joint and several; therefore, a partner who has no interest in property sought to be subjected to the debts of the firm is not a necessary party to a bill for that purpose.

2. *Creditors; judgment and simple contract creditors may join.* Simple contract creditors and judgment creditors may join in a bill to set aside as fraudulent a conveyance made by their debtor and to subject the property conveyed to the payment of their debts, Code, § 18.

3. *Bill; allegations of inconsistent and repugnant.*—The allegations of a bill are inconsistent and repugnant which attack the validity of a conveyance for fraud and also seek to have it declared a general assignment.

APPEAL from Geneva Chancery Court.

Heard before Hon. JERE N. WILLIAMS.

The bill is by Lowenstein Bros. and other creditors of H. C. Brooks & Co., a firm composed of H. C. Brooks and W. D. Kirby. It seeks to set aside as fraudulent a conveyance made by Brooks to his wife, Ann M. Brooks, and to subject the property so conveyed to their debts. Some of the complainants were judgment creditors of Brooks & Co., and the others were simple contract creditors. The appeal is from a decree of the court overruling the demurrer interposed by the defendants, H. C. Brooks and his wife, who alone were made parties defendant. The other facts appear in the opinion.

W. C. MULKSY, for appellant.—Kirby should have been made a party.—57 Ala. 28, 277, 529; 30 Ill. 37; 78 Mich. 10; 54 N. Y. 125; 72 Ala. 507. (2). Judgment and simple contract creditors cannot join.—*Shirley v. Shields*, 8 Black (Ind.) 273; *Fleecham v. Young*, 9 N. J Eq. 620. (3). The sixth ground of demurrer should

have been sustained.—*Lehman v. Meyer*, 67 Ala. 386; *Mooy v. Talcott*, 72 Ala. 210.

M. E. MILLIGAN, F. J. MILLIGAN and HICKMAN & ELS-BERRY, *contra*.
No brief.

TYSON, J.—The bill in this cause was filed by several complainants, in behalf of themselves and such other creditors as may come in and make themselves parties. All of the complainants are simple contract creditors of the respondent, except two, who are judgment creditors.

The purpose of the bill is to have declared fraudulent and void a certain conveyance of a storehouse and lot made by the respondent to his wife, or in the event it is a valid conveyance, to have it declared a general assignment for the benefit of all the respondent's creditors. The allegations of the bill as to fraud are sufficiently stated, and the allegations of fact showing that the deed is a conveyance of substantially all of the defendant's property are also sufficient. We will here add, that the prayer of the bill is to have the deed declared fraudulent and set aside, or in the event it is held valid, to be declared a general assignment.

It is insisted by demurrer that Kirby, who it is shown by the averments of the bill was a member of the firm of H. C. Brooks & Co. when the complainants' debts were contracted and also liable to the complainants for their several debts, should have been made a party defendant to the bill. It is not shown by the bill that Kirby was a party to the conveyance by which the property was conveyed by respondent, Brooks, to his wife. On the contrary, a copy of the deed is made an exhibit to the bill and the only parties to it as shown by it are Brooks, the grantor, and Ann M. Brooks, the grantee, the two respondents to the bill. The liability of Brooks & Co. to the complainants was joint and several. Brooks and Kirby can be sued either jointly or separately. Kirby having no interest in the property sought to be subjected to the satisfaction of the complainants' debts, is not a necessary party,—*Fox v. Mayer*, 54 N. Y. 125.

.The next objection taken .to the bill by demurrer is, that there is a misjoinder of parties complainants in that two of them are shown by the bill to be judgment creditors of the respondent H. C. Brooks. There is no merit in this objection.—§ 818 of Code; *Steiner & Lobman v. Parker & Co.*, 108 Ala. 357.

The sixth ground of the demurrer to the bill, that its allegations are inconsistent and repugnant, in that it attacks the validity of the conveyance of Brooks to his wife for fraud and also seeks to have it declared a general assignment, should have been sustained.—*Moog v. Talcott.* 72 Ala. 210.

The decree of the lower court is reversed and one will be here rendered sustaining the demurrer. Leave will be granted to complainants to amend their bill within thirty days if they are so advised.

Reversed and rendered.