(137 So. 305)

**STIDHAM et al. v. DOWNS et al.**

**6 Div. 823.**

Supreme Court of Alabama.

Oct. 29, 1931.

Wm. L. Chenault, of Russellville, for appellants.

Ernest B. Fite and Kelly V. Fite, both of Hamilton, for appellees.

FOSTER, J.

This bill was filed by the complainants as creditors of E. G. Downs to set aside for fraud a deed executed by him to his son Roy Downs. It alleges and the proof shows that complainants purchased the notes held by a bank in liquidation. Among them was one signed by E. G. Downs as surety for another.

The bill alleges that Downs owned a certain described one hundred and ten acres of land, which he thereafter conveyed to his son on a recited consideration, but that in fact there was no consideration and that recited was simulated, and that the deed was made for the purpose of hindering, delaying, or defrauding the collection of the note then held by complainants.

The equity of the bill was tested by demurrer. But when it alleges the existence of a debt and the execution of a conveyance of property prima facie subject to process to satisfy it, but without consideration, and made after the creation of the debt, and for the purpose of hindering, delaying, or defrauding the creditor, it is sufficient according to well-settled rules. London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

But the answer sets out in detail the true consideration, the same as expressed in the deed and when and how payments were made, showing that the total amount of the same has been paid without notice of any such fraudulent purpose.

A small part of it was a debt due for money which had been advanced by the grantee to the grantor. So that a part of the consideration was an antecedent debt, and a part was money thereafter paid.

We have recently had occasion to restate the rule under such circumstances to be that the transaction should be treated on the same theory as when the consideration is entirely new. Fed. Land Bank v. Rowe, 222 Ala. 383, 133 So. 50. The burden then is upon the purchaser to show that he paid a substantial valuable consideration. Thereupon the creditor must show that, at the time of the purchase or payment in whole or in part, the purchaser had notice of the intent of the seller to hinder, delay, or defraud complainants or other creditors. London v. Anderson Brass Works, supra.

The evidence in this case conclusively and without contradiction shows payment of the purchase price by the purchaser to the grantor, and how the money was obtained, all in a most convincing manner, and that he had no notice of the debt in question, and there is no evidence of the existence of other debts owing by the grantor.

This conclusion is in agreement with the decree of the circuit court which denied relief to complainants, and it is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.