144 So. 584

### MONTGOMERY, Superintendent of Banks, v. BOSTICK et al.
### 4 Div. 676.

Supreme Court of Alabama.
Nov. 25, 1932.

Halstead & Halstead, of Headland, for appellant.

T. M. Espy, of Dothan, for appellees.

ANDERSON, C. J.

The bill was filed by the appellant, as receiver or liquidating agent of the Abbeville State Bank, to foreclose a mortgage given by I. H. Bostick to said bank upon certain personal property, including the crop to be grown by him for the year 1931. There was a decree in favor of the appellant as to all the property embraced in the mortgage, except as to the crop, and the appellant appeals because the decree did not include the crop.

The crop was grown on the land of one Armstrong, who rented the land to the mortgagor, I. H. Bostick. The Abbeville Bank closed about the 1st of April, 1931, and said mortgagor, claiming that he would not be able to cultivate the land, so reported to his landlord, Armstrong, who took the land back and rented it to Alphus Bostick, a grown son of the mortgagor, but had to or did waive his lien in favor of the government seed loan department in order that the said Alphus could

598

borrow funds to enable him to cultivate the land. The sole question for our decision is, Was the crop made and owned by I. H. Bostick and subject to the appellant's mortgage, or was it made and owned by Alphus Bostick?

■■ It is contended that this rearrangement between the father and son and the landlord was but a fraud and sham entered into for the purpose of defrauding the mortgagee. There are, of course, some suspicious circumstances connected with the transaction, and owing to the relationship of the parties, and the apparent unchange in the possession and occupancy of the premises, the burden is upon the respondents to show that the transaction was bona fide. As to this, we think the respondents have succeeded in doing by the evidence of the two Bosticks and Armstrong, and who are not seriously contradicted in any material respect. True, certain witnesses testify as to the unchanged possession and to seeing the father working on the farm, but this was explained to such an extent as to satisfy the trial court that the transaction was bona fide, and we are in accord with said conclusion, notwithstanding the evidence was not taken in the presence of the court, and no weight should therefore be accorded said conclusion.'

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.