165 So. 758

## DOWNER v. FIRST NAT. BANK IN FORT PAYNE.

### 7 Div. 364.

Supreme Court of Alabama.
Feb. 13, 1936.

Haralson & Son and J. A. Downer, all of Fort Payne, for appellant.

Scott & Dawson, of Fort Payne, for appellee.

ANDERSON, Chief Justice.

Bill by the appellee bank to set aside a conveyance from G. L. Downer to his wife as fraudulent and void as against the creditors of said G. L. Downer. Also to set aside as voluntary a conveyance from said G. L. Downer to his brother, J. C. Downer. There was a decree denying the relief as to the wife, but granting relief and setting aside as voluntary the deed to the brother, J. C. Downer.

G. L. Downer only takes this appeal; therefore, whether the bill was or was not defective in charging fraud as to the con-

524

veyance to the wife matters not, as the deed was upheld, and the only rulings now to be considered are those which injuriously affect G. L. Downer, the sole appellant.

We do not think that the bill of complaint is wanting in equity and think that it is sufficient in the charge of a voluntary conveyance of the deed from the appellant to his brother, J. C. Downer.

■ While the bill avers that the appellee bank was a creditor when the conveyances were made, the appellant insists that it did not charge that the debt existed when the bill was filed, and it was therefore subject to grounds 3 and 4 of the demurrer. Good pleading probably required an averment that the debt still existed when the bill was filed, especially when the defect was pointed out by demurrer, but any error in overruling these grounds of demurrer was without injury, as the existence of a debt both at the time the conveyance was made and when the bill was filed was inquired into by the evidence, and the great weight of same established the debt and its existence when the bill was filed. Birmingham Water Works Co. v. Barksdale, 227 Ala. 354, 150 So. 139, and cases cited.

■ It is also argued that the bill fails to describe the nature and character of the indebtedness, citing the case of Gibson v. Trowbridge Furniture Co., 96 Ala. 357, 359, 11 So. 365. It is sufficient to say there is no ground of demurrer making this point.

■ The complainant being an existing creditor and charging that the conveyance to the brother, J. C. Downer, was without consideration and voluntary, the burden was upon the grantee to establish a valuable consideration. A careful consideration of the evidence convinces us that the consideration recited in the deed from the appellant to his brother, J. C. Downer, was purely fictitious, and the decree of the trial court so holding is correct.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.