187 So. 498

**BROWN SHOE CO. v. ROWELL.**

**2 Div. 142.**

Supreme Court of Alabama.

March 16, 1939.

Wm. R. Rountree, Jr., of Selma, for appellee.

Keith & Wilkinson, of Selma, for appellant.

FOSTER, Justice.

This is a suit at law by appellant against appellee upon two promissory notes.

Defendant interposed two special pleas, to which demurrer was overruled, on account of which plaintiff took a nonsuit to review the ruling, separately as to each plea. They

each undertake to set up fraud in procuring the execution of the notes, on account of facts averred in them respectively.

Plea No. 1 is that defendant and his partner were doing a mercantile business, and were negotiating with their creditors to secure their consent to a sale of their effects for equal distribution among them (see section 8041, Code); that they all consented to the sale except that plaintiff would do so only upon the execution of the notes in question, asserting that it is their rule not to compromise claims, and that they must have some showing for any balance that might remain, but that the notes given for such showing were a mere form, and that defendant would never hear anything from them, and they would never be presented for payment.

Plea No. 2 went further and averred in addition to the allegations of plea 1 that the plan was a composition with all the creditors by which they were to receive their share of the proceeds of the sale in full of their claims, and that plaintiff agreed to it and agreed along with all the other creditors to release defendant from any and all further liability; and the partnership of which defendant was a member and which made said composition, and each member of it, was then insolvent, and that the composition was in lieu of bankruptcy.

We have merely undertaken to set out some of its substantive features important to pass upon the questions involved.

■ Plea 1 does not refer to a composition nor a release upon valuable consideration of the balance of the claims after applying ratably the proceeds of the sale to all of them. So that under its terms, there would be a balance due to each of them, unless the proceeds of the sale were sufficient to pay them in full. A note therefore for this balance was fully supported in consideration of the account due and owing. So that this plea is dependent upon the effect of plaintiff's statement to defendant that the notes were but a form and that they would never be presented for payment.

In other words, that an unconditional promise to pay money made in writing, executed and delivered, was of no value as a contract, when not inoperative by virtue of any want or failure of consideration. A contract so procured does not contain the elements of fraud, since there was no misrepresentation made as to any past or existing fact. As an agreement never to present it for payment, it was without consid-

eration and contradicted the terms of the note as an unconditional promise in writing to pay money. Jackson v. Sample, 236 Ala. 486, 183 So. 646.

We do not think plea No. 1 presented a good defense, and there was error in overruling demurrer to it.

■ But a different principle is applicable to plea No. 2. The rules which pertain to the composition of debts by a debtor in failing circumstances are distinct from those which relate to an accord and satisfaction. 12 Corpus Juris 252, section 3.

■ A composition contemplates that all who participate shall do so on equal terms. The consideration is that they all shall share ratably in the fund and each agrees to accept his share in full settlement relying upon the fact that all the others do so likewise. And any agreement with or promise to one of the creditors so agreeing, not disclosed to the others, by which he receives any advantage or benefit, or by which the same is promised him by the debtor, is against public policy and void, and because it is against public policy, the promisor may defend upon that ground in spite of the rule which prevents a person from taking advantage of a wrong done others in which he participates. Bank of Montgomery v. Ohio Buggy Co., 100 Ala. 626, 13 So. 621; Dicks v. Andrews, 132 Ga. 601, 64 S.E. 788, 16 Ann.Cas. 1070; Ann.Cas.1014-A 845–850; 11 Amer.Jur. 237, 238, section 7, 8 A. L.R. 1507(e); 12 Corpus Juris 287, 288, section 86, and page 256, sections 12 and 13.

■ But a series of separate and independent compromises on the same or different terms is not a composition. There must be a common purpose, and exist the element of mutuality among the creditors. 12 Corpus Juris 255, section 11. See, Norton v. Clayton Hardware Co., 149 Ala. 248, 43 So. 185. The reference in section 7670, Code, is to separate, independent compromises, without mutuality among the creditors.

■ There is no ground of demurrer which pointed out a defect in plea No. 2, when it is considered in the light of the foregoing principles. The demurrer to it was properly overruled. But the demurrer to plea No. 1 should have been sustained, since in it no composition with creditors is alleged nor other consideration for plaintiff's alleged agreement not to present it for payment.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.