32 So.2d 305

### McCLINTOCK v. McEACHIN et al.
#### (two cases).
#### 4 Div. 420, 420-A.

Supreme Court of Alabama.

Oct. 30, 1947.

H. R. McClintock, of Dothan, pro se.

Martin & Jackson, of Dothan, and J. T. Johnson, of Oneonta, for appellees.

SIMPSON, Justice.

The appeals are from final decrees in two cases, consolidated here by agreement. The bills were in equity to set aside two deeds made to appellee McEachin by Copeland and Cherry, respectively, as in fraud of appellant as a creditor of the two said grantors.

The case of McClintock v. McEachin, 246 Ala. 412, 20 So.2d 711, presents the first phase of this litigation where, on the allegations as made, appellant was held to be a simple creditor of said grantors, as the holder of a dormant judgment against them.

The evidence is without substantial dispute that McEachin paid a fair and

reasonable value for the lands in suit, so the material question was whether or not the conveyances were made with the intent to hinder, delay or defraud. Since the deeds rested on a present, valuable consideration, the burden was on appellant to prove the sellers' intent to defraud and a participation therein by the purchaser with knowledge of such intent or with notice of some fact calculated to put him on inquiry which, if followed up, would lead to a discovery of the fraudulent intent. Bradley v. Ragsdale, 64 Ala. 558; Montgomery v. Hammond, 228 Ala. 449, 153 So. 654; Federal Land Bank v. Rowe, 222 Ala. 383, 133 So. 50; Second Nat. Bank v. Allgood, 234 Ala. 654, 176 So. 363; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359; Ledbetter v. Davenport, 154 Ala. 336, 45 So. 467, 129 Am.St. Rep. 62.

We have painstakingly reviewed the record and are convinced the appellant failed to discharge the burden of proof resting on him. We accord with the conclusion of the trial court that the evidence adduced was insufficient to sustain a decree setting aside the conveyances and so hold.

The decree of the trial court is affirmed. Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.