120 So.2d 871

### T. C. SMITH et al.

#### v.

### Tracey B. WILDER, as Executor, et al.

### Tracey B. WILDER, as Executor, et al.

#### v.

### Ray C. SMITH.

#### 4 Div. 878, 878–A.

Supreme Court of Alabama.

March 24, 1960.

Rehearings Denied June 2, 1960.

Frank J. Tipler, Jr., Andalusia, for appellants and cross-appellee.

Murphy & Murphy and Allen Cook, Andalusia, for appellees and cross-appellants.

**LAWSON, Justice.**

This case was submitted on briefs without oral argument. At the time of submission it was assigned to another Justice. It was assigned to the writer of this opinion on January 11, 1960.

The bill was filed by A. C. Wilder, Sr., and A. C. Wilder Land Company, a corporation, as contract creditors of the respondent, T. C. Smith.

The bill seeks to subject to the payment of debts alleged to be owed complainants by T. C. Smith certain real estate attempted to be conveyed by him in fraud of complainants' rights, to the respondents Opal Newton Smith and Ray C. Smith, the wife and son of the respondent T. C. Smith.

The bill seeks the cancellation of the conveyances made by T. C. Smith to Opal Newton Smith and Ray C. Smith on two grounds: That they were constructively fraudulent, executed voluntarily and without consideration; and actually fraudulent, that is, they were executed with the intent to hinder, delay and defraud the complainants and to place the property of T. C. Smith beyond the reach of complainants.

After a hearing where testimony was taken ore tenus, the trial court decreed that the conveyance from T. C. Smith to his wife, Opal, was voluntary and therefore void as to debts owed the complainants and ordered that conveyance cancelled and annulled.

The trial court further decreed that the complainant A. C. Wilder Land Company have and recover of the respondent T. C. Smith the sum of $14,851 and that the complainant A. C. Wilder, Sr., have and recover of T. C. Smith the sum of $3,214.

The trial court refused to vacate the conveyance from T. C. Smith to his son, Ray C. Smith. Complainants were held to be entitled to no relief against Ray C. Smith and as to him the bill as last amended was dismissed.

From the decree against them the respondents T. C. Smith and Opal Newton Smith appealed to this court.

Complainants being dissatisfied with the trial court's action in regard to the respondent Ray C. Smith filed a cross appeal.

A. C. Wilder, Sr., died after the appeals were taken. As to him, the appeal and cross appeal were revived in the name of the executor of his estate, Tracey B. Wilder, by an order entered at time of submission in this court. See § 808, Title 7, Code 1940.

The appellants T. C. and Opal Newton Smith have assigned as error the action of the trial court in overruling their demurrers interposed to the bill as last amended.

■ The decree overruling the demurrers to the bill as last amended is general, no reference being made therein to the aspects to which grounds of the demurrer were addressed. Hence our review is limited to those grounds of the demurrer addressed to the amended bill as a whole which have been argued in brief. Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749; McCary v. Crumpton, 263 Ala. 576, 83 So.2d 309; Green v. Mutual Steel Co., 268 Ala. 648, 108 So.2d 837.

It is contended that the grounds of the demurrers taking the point that the amended bill is multifarious should have been sustained.

■ The rule is settled that different grantees of the same debtor, though they claim and hold under different conveyances affecting different property, may be joined in the same bill with the debtor, to cancel such conveyances and subject the property to the satisfaction of the debts owed by the debtor. Green v. First National Bank of

Jacksonville, 224 Ala. 47, 138 So. 550, and cases cited.

It is also well settled that any number of creditors, whether judgment or simple contract creditors, and whether with or without liens, may join as complainants in a bill to set aside alleged fraudulent conveyances. Carothers v. Weaver, 220 Ala. 584, 127 So. 151; Brooks v. Lowenstein, 124 Ala. 158, 27 So. 520; Steiner Land & Lumber Co. v. King, 118 Ala. 546, 24 So. 35; Gibson v. Trowbridge Furn. Co., 93 Ala. 579, 9 So. 370; Tower Mfg. Co. v. Thompson, 90 Ala. 129, 7 So. 530; Ruse v. Bromberg, 88 Ala. 619, 7 So. 384.

In McClintock v. McEachin, 246 Ala. 412, 20 So.2d 711, the bill sought the cancellation of conveyances made by two people who were made respondents to the bill. There was nothing in the bill to show that either conveyance had any connection with the other. To like effect are the other cases cited. Callahan v. Auburn Production Credit Association, 240 Ala. 104, 197 So. 347, 129 A.L.R. 893, and Price v. Stewart, 259 Ala. 299, 66 So.2d 453.

We hold that the grounds of demurrer taking the point that the bill as last amended is multifarious were correctly overruled.

Section 897, Title 7, Code 1940, expressly authorizes a simple contract creditor without a lien to file a bill in equity to discover, or to subject to the payment of a debt, any property which has been fraudulently transferred by his debtor, without first exhausting his legal remedies under a writ of *nulla bona* whether the debtor be living or dead. Freeman v. Pullen, 119 Ala. 235, 24 So. 57. See Anderton v. Hiter, 238 Ala. 76, 188 So. 904.

An allegation that the conveyance of the property was voluntary and without consideration is sufficient averment by an existing creditor to vacate, without regard to any other circumstance. Crisp v. First Nat. Bank of Birmingham, 224 Ala. 72, 139 So. 213. See Harrison v. American Agricultural Chemical Co., 220 Ala. 695, 127 So. 513; Drain v. F. S. Royster Guano Co., 231 Ala. 422, 165 So. 239; Lacey v. Wilson, 268 Ala. 215, 106 So.2d 31.

The bill as last amended does not in terms allege that complainants were existing creditors, but it does aver that the respondent T. C. Smith "owed the complainants the said indebtedness" at the time the conveyances sought to be vacated were executed and delivered. This is sufficient to show that complainants were existing creditors. Crisp v. First Nat. Bank of Birmingham, supra.

The bill as last amended is good as against the general demurrers, there is no equity in the bill and the complainants have an adequate remedy at law, directed to the amended bill as a whole. See Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A. L.R.2d 1100.

It is argued that the grounds of the demurrers to the effect that the bill as last amended shows on its face that complainants are guilty of laches were well taken. This insistence is made in regard to the debt alleged to be owed by T. C. Smith to A. C. Wilder, Sr. No such insistence is made in regard to the debts alleged to be owed by T. C. Smith to the corporate complainant. Hence, grounds of demurrer raising laches addressed to the amended bill as a whole were overruled without error.

Finding no merit in those grounds of the demurrer argued in brief, we hold that the trial court did not err in overruling the demurrers interposed to the bill as last amended.

The bill alleged and the proof shows that the complainant A. C. Wilder Land Company is the holder of two promissory notes executed by the respondent T. C. Smith on October 4, 1947.

In one of the notes T. C. Smith promised to pay to A. C. Wilder, Sr., or order the sum of $7,500 on October 1, 1948. This

note was transferred to A. C. Wilder Land Company by A. C. Wilder, Sr., on October 22, 1947.

In the other note T. C. Smith promised to pay to Tracey B. Wilder or order the sum of $5,000 on August 1, 1948. This note was transferred to A. C. Wilder Land Company by Tracey B. Wilder on May 31, 1948.

Each of the notes was secured by mortgages on personal property, which were also transferred to A. C. Wilder Land Company.

The A. C. Wilder, Sr., mortgage includes 100 shares of stock in the Covington Consolidated Packing Company, Inc., of Andalusia, and stock certificate No. 36 of that company to the effect that T. C. Smith was the owner of 100 shares of its stock was attached to the instrument.

The Tracey B. Wilder mortgage includes eighty shares of stock in the same corporation and its stock certificate No. 38 to the effect that T. C. Smith was the owner of eighty shares of its stock was attached to that instrument.

The respondents sought to show a verbal agreement between T. C. Smith and A. C. Wilder, Sr., at the time the notes and mortgages were executed to the effect that the "stock was the only thing that stood for said notes."

The trial court's refusal to permit proof of the claimed verbal agreement is assigned as error.

We are of the opinion that the ruling of the trial court is in accord with the holdings of this court.

In Regional Agricultural Credit Corporation of Washington, D. C. v. Hendley, 251 Ala. 261, 37 So.2d 97, the Credit Corporation brought suit against Hendley on a promissory note executed by Hendley for funds advanced him for the purpose of producing a peanut crop.

■ In his Plea 3 Hendley averred in effect that at the time of the execution of the note he and the plaintiff agreed that the note would be payable only from the monies which he received from the sale of the peanut crop raised with the proceeds of the loan; that if the amount which he received from the sale of the peanut crop was insufficient to pay all of the loan the balance would be waived. Plaintiff's demurrer to Plea 3 was overruled. We held such action to constitute reversible error on the ground that the agreement set forth in the note sued on appeared to be complete on its face and the agreement alleged in the plea contradicted that set forth in the note. We pointed out that parol evidence is not admissible where the effect would be to change or to defeat the legal operation and effect of a written instrument. See Ison Finance Co. v. Glasgow, 266 Ala. 391, 96 So.2d 737; Brown Shoe Company v. Rowell, 237 Ala. 404, 187 So. 498; Jackson v. Sample, 236 Ala. 486, 183 So. 646; Id., 234 Ala. 75, 173 So. 510; Rice v. Gilbreath, 119 Ala. 424, 24 So. 421; Lakeside Land Co. v. Dromgoole, 89 Ala. 505, 7 So. 444; Gliddens v. Harrison, 59 Ala. 481.

■ The case of Bashara v. Thomson, Tex.Civ.App., 93 S.W.2d 747, is factually very similar to that phase of the case at bar presently under consideration. The holding of the Texas Court was that evidence of a parol agreement similar to the one sought to be shown in this case was not admissible.

T. C. and Opal Newton Smith argue their assignments of error to the effect that the trial court erred in decreeing that the deed which T. C. Smith executed to his wife, Opal, on January 16, 1950, was void as to complainants because it was a voluntary conveyance, without valuable consideration.

■ The deed recites "for and in consideration of Three Thousand ($3,000.) Dollars to the undersigned grantor, T. C. Smith, in hand paid by Opal Newton Smith, etc." This recital, of course, proves nothing as against the complainants. It is simply a declaration of the grantor and is not

evidence against the creditors. Hubbard v. Allen, 59 Ala. 283; Murphy v. Pipkin, 191 Ala. 111, 67 So. 675; Kuykendall v. Terry, 227 Ala. 227, 149 So. 687.

Opal Newton Smith did not testify, She was ill at the time of the trial. T. C. Smith testified that the consideration which he received from his wife for the deed in question was stock in the Covington Consolidated Packing Company valued at $2,500 and a debt of $500 which he owed his wife.

In regard to the stock, the trial court found that it was never transferred to the grantor, T. C. Smith, in such a manner as to make him the owner of the stock. The trial court further found from the evidence that the "twenty-five shares of stock allegedly transferred to Mr. T. C. Smith on January 16, 1950, did not on that day have any appreciable value and was worthless."

There was no proof of the transfer of the stock as provided in § 48, Title 10, Code 1940. It is argued here that no such proof was needed in view of admissions made by counsel for complainants. The record contains colloquies between counsel and the court which seem to us to indicate the reasonableness of the appellants' contention that such an admission was made by counsel for complainants below. But in its decree the trial court has pointed out that such was not the effect of the colloquies. The trial judge was much better situated to evaluate the effect of the discussions which took place in his presence than this court. We cannot say his holding in this respect is erroneous.

The trial court's finding that the stock "did not have any appreciable value and was worthless" is tantamount, in our opinion, to a finding that the stock, even if it had been effectively transferred, was so valueless that it would not have constituted a valuable consideration, that is, it was without substantial value. The trial court's finding in this respect is supported by the evidence and will not be disturbed here.

T. C. Smith alone testified in support of his contention that $500 of the considera-tion for the deed in question was the cancellation of a past indebtedness owed his wife, the grantee. The trial court was not impressed by such testimony of T. C. Smith, saying that it "was very nebulous, vague, indefinite and uncertain without the benefit of any records as to the transaction between him and his wife and the source of her income, the amount thereof, and as to the status of his indebtedness, if any, to her. * * * We [sic] therefore find that this testimony does not support the respondents' contention as to this phase of the alleged valuable consideration recited in the deed."

The proof showed that complainants were existing creditors of T. C. Smith at the time the deed to his wife was executed. The burden was therefore on the wife, the grantee, to at least show a valuable consideration—substantial and not merely nominal. Downer v. First National Bank in Fort Payne, 231 Ala. 523, 165 So. 758; American Nat. Bank & Trust Co. v. Powell, 235 Ala. 236, 178 So. 21; W. T. Rawleigh Co. v. Gaines, 236 Ala. 199, 181 So. 247; Des Portes v. Hall, 238 Ala. 641, 192 So. 899; Dutton v. Lindler, 238 Ala. 363, 191 So. 210.

The trial court, who saw and heard the witnesses, found from the evidence that Opal Newton Smith did not pay a valuable consideration for the deed which her husband executed to her on January 16, 1950. We will not say the trial court erred in that finding and in decreeing that the conveyance be cancelled.

The conclusion reached by the trial court on the evidence makes it unnecessary for us to consider the question as to whether or not the answer of Opal Newton Smith was sufficiently definite. See Des Portes v. Hall, supra, and Umphrey v. Barfield, 238 Ala. 11, 189 So. 64.

We find no merit in the contention of appellant T. C. Smith that the trial court was without power to enter money decrees against him in favor of A. C.

Wilder Land Company. The equity court having jurisdiction to set aside the conveyance, could retain jurisdiction for all purposes necessary to a complete determination of the cause and settlement of all matters between the parties. Franklin v. Nunnelley, 242 Ala. 87, 5 So.2d 99; Dobbs Truss Co. v. Sutherland, 256 Ala. 581, 56 So.2d 638; Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; First Nat. Bank of Birmingham v. Johnson, 227 Ala. 40, 148 So. 745; Warley v. Patterson, 237 Ala. 126, 185 So. 891.

Nor do we find merit in the assertion of the appellant T. C. Smith to the effect that the statute of limitation of six years had run on the note held by the complainant A. C. Wilder, Sr., and therefore the trial court erred in rendering any decree against T. C. Smith and in favor of A. C. Wilder, Sr., on that note. This assertion is based on the premise that the original bill which was timely filed did not seek a money decree. We are not in accord with this construction of the original bill. The stating part of the original bill contains full allegations in regard to the indebtedness owed the complainant A. C. Wilder, Sr., by the respondent T. C. Smith and the prayer of the original bill, aside from the general prayer, reads in part as follows: " * * * and that all necessary orders and decrees be entered to the end that the claims of complainant be paid in full; * * *" In our opinion, on the suggestion of complainants at the hearing the trial court under the averments and prayer of the original bill could have entered money decrees against the respondent T. C. Smith. See Cook v. Clark, Davis & Co., 212 Ala. 257, 102 So. 213.

We forego any consideration of the question of the amendment to the bill relating back to the time of the filing of the original bill.

We find no merit in the assignments of error argued by the appellants T. C. Smith and Opal Newton Smith. The decree of the trial court in so far as it set aside as voluntary and without valuable considera-

tion the deed from T. C. Smith to Opal Newton Smith is due to be affirmed. Likewise, the decree is due to be affirmed in respect to the money decrees rendered in favor of the complainants against the respondent T. C. Smith. It will be so ordered

We come now to a consideration of the cross appeal.

The cross appellants, the complainants below, argue their assignments of error to the effect that the trial court erred in decreeing that the deed from T. C. Smith to his son, Ray, was a valid conveyance and in dismissing complainants' bill in so far as it sought to have that deed vacated.

The recited consideration in the deed is "Six Hundred Dollars Cash and Twenty-Five Hundred in Cov. Consolidated Pk. Co. Stock Dollars to the undersigned grantor, T. C. Smith and wife, Opal Newton Smith, in and [sic] paid by Ray C. Smith, etc."

As we observed, this recital proves nothing as against the complainants. But T. C. Smith and Ray C. Smith both gave testimony to the effect that the consideration for the conveyance was exactly as recited.

In regard to the Ray C. Smith deed, the trial court in its decree observed:

"The Court having considered the evidence in this cause, is of the opinion that the respondent Ray C. Smith paid reasonable value for the real estate described in Exhibit B to the original bill of complaint, said exhibit being introduced in evidence as a true and correct copy of a conveyance of land by T. C. Smith and wife to Ray C. Smith, for a recited consideration, and that he, the said Ray C. Smith, had no knowledge prior to or on January 16, 1950, the date of the deed, of any intention on the part of the grantor, T. C. Smith, to hinder, delay, or defraud his creditors as charged in the complaint, nor did he have any notice or was he in possession of any facts, which if pur-

sued with reasonable diligence would have lead to such knowledge."

This holding of the trial court could not have been based on a finding that the stock referred to in the deed constituted a valuable consideration for the lands therein described. As we have shown, the court in considering the attack made on the Opal Newton Smith deed expressly held that the stock was not effectively transferred and furthermore that it was worthless. We must presume the same finding in regard to the Ray C. Smith deed because the evidence which relates to the transfer and value of the stock was substantially the same as to both conveyances.

There was testimony given by the grantor, T. C. Smith, and the grantee, Ray C. Smith, to the effect that in addition to the stock which they say was delivered, Ray C. Smith at the time of the execution of the deed paid to the grantor, T. C. Smith, the sum of $600 by check or cash. The trial court evidently believed this testimony. In view of the presumption which prevails here where testimony is taken orally before the trial court, we will not say that the trial court was not justified in so finding.

And we will not hold that the trial court was in error in finding that Ray C. Smith had no knowledge of any intent on the part of the grantor, T. C. Smith, to hinder, delay or defraud his creditors nor was in possession of facts which if pursued diligently would have lead to such knowledge.

The trial court further found that Ray C. Smith paid "reasonable value" for the real estate described in the deed, approximately thirty acres. We understand this to be a finding that the "reasonable value" of the thirty acres was $600

We cannot agree that $600 represents the reasonable value of the thirty acres of land at the time the deed was executed. The lowest value fixed by any witness was $1,-800 and the preponderance of the testimony, including that given by the grantor, T. C. Smith, and the grantee, Ray C. Smith, is

to the effect that the thirty acres was worth at least $3,000.

The cross appellants, the complainants below, contend that inasmuch as the averments of the bill and the proof show that they were existing creditors at the time the conveyance under attack was executed the burden was upon the grantee, Ray C. Smith, to show not only that he paid a valuable consideration but that it was adequate.

We have a number of cases to that effect, including Gamble v. C. Aultman & Co., 125 Ala. 372, 28 So. 30, and Schall v. Weil, 103 Ala. 411, 15 So. 829, cited by cross appellants. But we also have a large number of cases, which will be hereafter cited, which hold in effect that in such a situation the grantee need only show the payment of a present valuable consideration—substantial rather than nominal.

In London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359, we took note of inconsistencies in our cases, saying in part:

"A laborious survey of the numerous decisions and opinions by this court on the burden, nature, and effect of proof with respect to the consideration paid by an alleged fraudulent grantee, where his conveyance is attacked by a preexisting creditor, exhibits inconsistencies which cannot be reconciled. We think, however, that the following principles must be regarded as settled by the weight of the adjudications: (1) If the consideration paid by the grantee was an existing debt due to him from the grantor, he must not only show its bona fide existence, but must also show that it was adequate; that is, that the value of the property was no more than a fair equivalent for the amount of the debt. If this is shown, the intention of the parties to thereby hinder, delay, or defraud is wholly immaterial, and cannot defeat the conveyance. Crawford v. Kirksey, 55 Ala. 282, 293, 28 Am.Rep. 704; Moore v. Penn., 95

Ala. 200, 203, 10 South. 343; Chipman v. Glennon, 98 Ala. 263, 265, 13 South. 822; Wood v. Riley, 121 Ala. 100, 25 South. 723; and innumerable other cases. (2) But if the consideration paid is a new one, not resting on past indebtedness, a different rule prevails. When the complainant shows that his debt antedates the conveyance, the grantee must then show that he paid a valuable consideration—substantial and not merely nominal. Thereupon the complainant must show that the grantee had notice of an intent by the grantor to hinder, delay, or defraud his creditors." 197 Ala. 20–21, 72 So. 361.

The opinion in the London Case seems to recognize also a rule to the effect that even where there is a new valuable consideration, proof of the complainant's existing debt plus proof that the grantor was insolvent, failing or financially embarrassed when he made the conveyance imposes upon the grantee the burden of showing a consideration both valuable and adequate.

Some of the conflicts and inconsistencies noted in the London Case have been continued in spite of the effort made in that case to establish rules for future guidance.

We have a number of opinions which have been written since the London Case wherein the broad statement is made that where a complainant proves that he was an existing creditor at the time the conveyance was executed, the "burden of proof" shifts to the grantee to prove an adequate as well as a valuable consideration. These opinions do not limit the rule to instances where the consideration was an existing debt owed the grantee by the grantor or where the proof showed that the grantor was insolvent, failing or financially embarrassed when he made the conveyance. Strickland v. Stuart, 200 Ala. 541, 76 So. 867; R. W. Allen & Co. v. Sands, 216 Ala. 106, 112 So. 528; Harrison v. American Agricultural Chemical Co., 220 Ala. 695, 127 So. 513; Kuykendall v. Terry, 227 Ala. 227, 149 So. 687; Williams v. Ellington, 233 Ala. 638, 172 So. 903; Umphrey v. Bar-field, 238 Ala. 11, 189 So. 64; Greer v. Altoona Warehouse Co., 246 Ala. 297, 20 So. 2d 513.

On the other hand we have opinions written since the London Case which are to the effect that when the complainant shows that his debt antedates the conveyance the grantee need only show that he paid a present valuable consideration. In other words, if the consideration paid by the grantee is a new one as distinguished from the payment of an antecedent debt and is substantial as distinguished from nominal, the grantee does not have the burden of showing that the consideration was adequate. Boutwell v. Spurlin Mercantile Co., 203 Ala. 482, 83 So. 481; Allen v. Overton, 208 Ala. 504, 94 So. 477; Sims v. Dixie Southern Land Co., 209 Ala. 679, 96 So. 885; Davis v. Harris, 211 Ala. 679, 101 So. 458; Montgomery v. Hammond, 228 Ala. 449, 153 So. 654; Federal Land Bank of New Orleans v. Rowe, 222 Ala. 383, 133 So. 50; Stidham v. Downs, 223 Ala. 519, 137 So. 305; Downer v. First Nat. Bank in Fort Payne, 231 Ala. 523, 165 So. 758; Puckett v. Russell, 234 Ala. 564, 176 So. 194; Williams v. Pool, 234 Ala. 242, 174 So. 789; American Nat. Bank & Trust Co. v. Powell, 235 Ala. 236, 178 So. 21; W. T. Rawleigh Co. v. Gaines, 236 Ala. 199, 181 So. 247; Des Portes v. Hall, 238 Ala. 641, 192 So. 899; Dutton v. Lindler, 238 Ala. 363, 191 So. 210; Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So. 2d 73; McClintock v. McEachin, 249 Ala. 591, 32 So.2d 305; Marion County v. Terrell, 251 Ala. 547, 38 So.2d 476. See National Trim Co. v. Harris, 262 Ala. 119, 77 So.2d 486.

We have other cases in which the statement is made to the effect that in a creditor's suit to set aside a deed on the ground that it was voluntary where the proof introduced shows that the debt antedated the conveyance attacked as fraudulent, the burden is shifted to the grantee to sustain by averment and proof the bona fides of such conveyance. Watters-Tonge Lumber Co. v. Knox, 206 Ala. 183, 89 So. 497; Woody v. Tucker Willingham & Co., 215 Ala. 278, 110

So. 465; Trapp v. First Nat. Bank of Russellville, 217 Ala. 587, 117 So. 197; Montgomery v. Bostick, 225 Ala. 597, 144 So. 584; Landham v. Commercial Nat. Bank of Anniston, 227 Ala. 18, 148 So. 434; Beck v. Vann, 239 Ala. 562, 195 So. 716; Smith v. Bunch, 261 Ala. 170, 73 So.2d 729.

In trying to resolve the problem presented by the inconsistencies and conflicts noted above, we have given consideration not only to many of our cases which deal with the subject of fraudulent conveyances, but to the excellent article, "Some Aspects of Fraudulent Conveyances in Alabama," by the Honorable Julian Harris, of the Morgan County Bar, formerly Judge of the Eighth Judicial Circuit of Alabama. 6 Alabama Lawyer 170.

The article by Judge Harris points out the need for us to reconsider and re-evaluate many of our former decisions and to announce our views as to the principles of law which govern some aspects of proceedings in equity brought by creditors to set aside alleged fraudulent conveyances.

■ We will not undertake in this opinion to treat with suits by subsequent creditors other than to observe that a subsequent creditor may avoid a transfer only for actual fraud (Armstrong v. Miller, 238 Ala. 17, 189 So. 74), or with suits wherein it is claimed that the conveyance or conveyances constituted a general assignment which inured to the benefit of all the creditors of a grantor.

We are concerned in this case with a suit by existing creditors to set aside conveyances and the views hereinafter expressed will be directed to some of the phases of that type of litigation.

■ An existing creditor seeking to set aside a conveyance may do so either because of actual fraud or on account of what is termed constructive fraud.

■ Actual fraud denotes the actual mental operation of intending to defeat or delay the rights of the creditor.

■ Constructive fraud, on the other hand, is based on facts and circumstances which the courts have said constitute legal fraud irrespective of actual intent. The term "constructive fraud" is generally used in referring to those instances where a grantor, indebted at the time, conveys property on a good as distinguished from a valuable consideration. Such conveyances are frequently referred to simply as voluntary conveyances. We will not here undertake to describe other instances of constructive fraud.

■ A bill or an aspect of a bill which seeks to set aside a conveyance on the ground of actual fraud must state plainly the facts which constitute the fraud and it is not sufficient to merely charge an intent to hinder, delay or defraud creditors. Headley v. Headley, 264 Ala. 383, 88 So.2d 341.

■ As we have observed elsewhere in this opinion, where a bill or an aspect of a bill seeks to vacate a conveyance on the ground that it was without valuable consideration, allegations to the effect that the conveyance was voluntary and without consideration is sufficient averment by an existing creditor without regard to any other circumstance. There need be no allegation that the debtor is insolvent or that the parties participated in an intent to defraud. Lacey v. Wilson, 268 Ala. 215, 106 So.2d 31, and cases cited.

■ The grantee in his answer to a bill or to an aspect of a bill by an existing creditor seeking the vacation of a conveyance on the ground that it was voluntary cannot rest on a mere denial of the averments of the bill or general averments of a valuable consideration. Affirmative averments of the facts relied on to show a valuable consideration is as essential as satisfactory evidence of such facts. The answer must show actual payment of a valuable consideration, how and when it was paid and of what the consideration consisted. Des Portes v. Hall, 238 Ala. 641,

192 So. 899, and cases cited. See Tilley's Alabama Equity, § 96.

In regard to the so-called burden of proof, we think the following are correct rules.

■ The burden is upon an existing creditor alleging actual fraud to prove it. Birmingham Trust & Savings Co. v. Shelton, 231 Ala. 62, 163 So. 593.

■ Where a conveyance is sought to be vacated on the ground that it was voluntary, the burden is upon the complainant to show that his debt antedated the conveyance attacked.

When such proof is made the burden shifts to the grantee to go forward with the evidence.

■ If the evidence shows that the consideration paid by the grantee was an existing debt due to him from the grantor, the grantee must show not only the existence of the debt, but must also show that the value of the property was no more than a fair equivalent for the amount of the debt.

If the evidence shows that the alleged fraudulent grantor was insolvent, failing or financially embarrassed when he made the conveyance, even though the consideration paid by the grantee was a new one, the burden is upon the grantee of showing a consideration both valuable and adequate.

■ However, if it does not appear that the grantor was insolvent, failing or financially embarrassed when he made the conveyance and the evidence shows that the consideration paid by the grantee was a new one, not resting on prior indebtedness, the only burden upon the grantee is to show that he paid a valuable consideration—substantial and not merely nominal.

The cases which hold contrary to the view expressed in the preceding paragraph apparently overlook the fact that a conveyance is not voluntary if there is a valuable consideration—substantial rather than nominal—even though inadequate. Bibb v. Freeman, 59 Ala. 612.

■ When a conveyance is attacked by a creditor on the ground that it is voluntary, without consideration, and it appears that a part of the consideration for the conveyance is the payment of an antecedent debt and a part is money or its equivalent, then or thereafter paid, the same principles are applicable as when the purchase is entirely on a new consideration. Stidham v. Downs, 223 Ala. 519, 137 So. 305.

■ As to the aspect of the bill which seeks the vacation of the Ray C. Smith deed on the ground that it was voluntary, the grantee showed that he paid a present valuable consideration. It was substantial. It does not appear that the grantor, T. C. Smith, was insolvent, failing or financially embarrassed at the time he made the conveyance. Hence we hold that Ray C. Smith met the burden which was placed upon him by the complainants' proof that their debts antedated the deed.

But proof of payment of a present substantial valuable consideration did not in and of itself determine the rights of the parties.

Even though a consideration for the deed was a present valuable consideration, the complainants could have the deed vacated in its entirety by showing the grantor's intent to defraud and a participation therein by the purchaser, Ray C. Smith, with knowledge of such intent or with notice of some fact calculated to put him on inquiry which, if followed up, would have lead to a discovery of the grantor's fraudulent intent. The burden of making such a showing was on the complainants. McClintock v. McEachin, 249 Ala. 591, 32 So.2d 305, and cases cited.

■ Inadequacy of consideration is a circumstance which, with other facts, may justify a conclusion that there was an actual intent to hinder, delay or defraud

creditors. Bibb v. Freeman, 59 Ala. 612; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

As we have shown, the trial court found from the evidence that the grantee had no knowledge of any fraudulent intent on the part of the grantor or notice of any fact which if pursued would have lead to discovery of such intent. Since we are not willing to disturb that finding, it follows that we are in accord with the trial court's action in refusing to set aside the Ray C. Smith conveyance in its entirety.

■■ The consideration paid by Ray C. Smith for the lands covered by the deed in question, although valuable, was in our opinion substantially inadequate. Therefore, we think the trial court should have considered the question as to whether the deed was fraudulently made by the grantor. This because of the equitable doctrine that, when a conveyance is fraudulently made upon a consideration which is valuable, but substantially inadequate, and the grantee is without notice of the grantor's intent, and himself intends no fraud, the conveyance will be allowed to stand only as security for the value actually paid. London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359, and cases cited; Rogers v. Conaway, 226 Ala. 334, 147 So. 152; Morrison v. Federal Land Bank of New Orleans, 232 Ala. 138, 167 So. 288.

In so far as the case of Federal Land Bank of New Orleans v. Rowe, 222 Ala. 383, 133 So. 50, is in conflict with the principle just stated, it is overruled.

We are unwilling on the record before us to make a finding as to whether the grantor, T. C. Smith, fraudulently executed the deed to his son. We think the case should be remanded to the trial court for further consideration in order that that question may be determined by a court before which the witnesses appear if the court or a party so desires.

The decree of the trial court in so far as it vacated the deed from T. C. Smith to Opal Newton Smith is affirmed. The decree is affirmed in respect to the money decrees rendered in favor of the complainants against the respondent T. C. Smith. The decree of the trial court is reversed in so far as it denied all relief to complainants in regard to the Ray C. Smith deed and in so far as it dismissed complainants' bill. The cause is to that extent remanded for further proceedings consistent with this opinion.

Affirmed in part and in part reversed and remanded.

SIMPSON, STAKELY, GOODWYN. MERRILL and COLEMAN, JJ., concur.