EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves a fraudulent conveyance of personal property.
Mr. Hoyle Miller of Mississippi and Texas was the owner of a tractor-truck, and, in August 1980 he placed Mr. Tim Adams of Alabama in possession of it as collateral for a simple account owed by Miller to Adams. Adams retained possession of the vehicle until it was attached in February 1981 in an Alabama civil action of Zodiac Industries against Miller.
Zodiac’s evidence at the trial was that on October 3, 1980, it sold furniture to Miller for $9,362.65. In May 1981, a default judgment was rendered against Miller for said amount, interest and costs.
In March 1981 Mr. Charles R. Brett intervened in Zodiac’s case, claiming ownership of the vehicle. Zodiac affirmatively pled in response to Brett’s intervention complaint that the transfer of the vehicle from Miller to Brett was void as to Zodiac since it was made with the intent to hinder, delay or defraud Zodiac of its lawful debt.
Brett had practiced law in Mississippi for five years, and Miller had been his client for the last four years. They still maintain an attorney-client relationship. Brett testified that prior to December 1980, he had performed legal services for Miller on numerous occasions. As of December 1980, Miller owed him between seven and eight thousand dollars, when Miller came to his attorney with the request that he represent him in an Alabama case brought against Miller by Adams. Brett informed his client that before he continued working on the pending cases or rendered any further professional services, Miller needed to make some payment upon the fees. Since Miller had no cash, he agreed to, and did, transfer title of the tractor-truck to Brett on December 29, 1980, for the attorney’s fees owed.
The attorney further testified that in October 1980 he had represented Miller in a Mississippi felony trial wherein Miller was adjudged guilty and that the transfer of the vehicle was made so as to include future fees for representing Miller upon the appeal from that conviction as well as the unpaid prior fees.
Adams was personally sued by Brett in Mississippi to recover the vehicle. While an order of court as to the replevy proceedings bore a December 30, 1980 date, those legal instruments were not filed in the clerk’s *452 office until April 10, 1981. Those proceedings were never served upon or processed with regard to Adams for the vehicle was not there levied upon.
Before the transfer of the vehicle to him, Brett was familiar with the fact that Adams had sued Miller for $25,000 upon the account. He was further aware of several other claims against that client. At the time of the transfer, Brett knew that Miller had no cash, that he had suffered financial difficulties for two years, that he had recently closed his business, that Miller “was broke and out of work” and that the vehicle was the only property of value which Miller owned. When title was transferred, Miller informed Brett that the tractor-truck (and a trailer which Miller did not own) was worth $15,000.
On February 15, 1981, Miller signed an agreement with Adams whereby, among other matters, it was therein indicated that Miller still owned the tractor-truck.
After a non-jury trial, the trial court held the vehicle transfer to Brett to be void. The pivotal question is whether, under the evidence, the vehicle transaction between Brett and Miller could have been set aside as being a constructive fraud upon Zodiac as an existing creditor of Miller. We affirm.
In the recent case of J. C. Jacobs Banking Co. v. Campbell, 406 So.2d 834 (Ala.1981); 15 A.B.R. 2483, the case of Smith v. Wilder, 270 Ala. 637, 120 So.2d 871 (1960) was aptly designated as the leading Alabama opinion which summarizes the law governing fraudulent conveyances. The Campbell case overruled Smith v. Wilder in one limited aspect which is not here pertinent. In Smith v. Wilder the following still applicable legal principles appear:
In regard to the so-called burden of proof, we think the following are correct rules.
The burden is upon an existing creditor alleging actual fraud to prove it. Birmingham Trust & Savings Co. v. Shelton, 231 Ala. 62, 163 So. 593.
Where a conveyance is sought to be vacated on the ground that it was voluntary, the burden is upon the complainant to show thát his debt antedated the conveyance attacked.
When such proof is made the burden shifts to the grantee to go forward with the evidence.
If the evidence shows that the consideration paid by the grantee was an existing debt due to him from the grantor, the grantee must show not only the existence of the debt, but must also show that the value of the property was no more than a fair equivalent for the amount of the debt.
If the evidence shows that the alleged .fraudulent grantor was insolvent, failing or financially embarrassed when he made the conveyance, even though the consideration paid by the grantee was a new one, the burden is upon the grantee of showing a consideration both valuable and adequate.
However, if it does not appear that the grantor was insolvent, failing or financially embarrassed when he made the conveyance and the evidence shows that the consideration paid by the grantee was a new one, not resting on prior indebtedness, the only burden upon the grantee is to show that he paid a valuable consideration — substantial and not merely nominal.

When a conveyance is attacked by a creditor on the ground that it is voluntary, without consideration, and it appears that a part of the consideration for the conveyance is the payment of an antecedent debt and a part is money or its equivalent, then or thereafter paid, the same principles are applicable as when the purchase is entirely on a new consideration. Stidham v. Downs, 223 Ala. 519, 137 So. 305.

Inadequacy of consideration is a circumstance which, with other facts, may justify a conclusion that there was an actual intent to hinder, delay or defraud creditors. Bibb v. Freeman, 59 Ala. 612; *453 London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359.
270 Ala. at 650, 120 So.2d 871.
We will attempt to apply those rules to the present controversy.
Here, it is undisputed that Zodiac was owed a debt by Miller when he transferred title to the vehicle to Brett. Accordingly, the burden shifted to Brett to go forward with the evidence.
The trial court could have ascertained under Brett’s first evidence as to the attorney’s fees that all of the Miller indebtedness to him existed at the time of the vehicle transfer, that it was entirely a preexisting debt, and that the value of the tractor-truck so greatly exceeded the fees due that the tractor-truck transfer was void.
On the other hand, if the trial court ascertained that part of the consideration for the vehicle transfer was the payment of an antecedent debt and a portion thereof was for future legal services to be performed by the attorney for his client, the burden was upon Brett to reasonably satisfy the trial court that the total consideration was both valuable and adequate since there is no dispute that Miller was insolvent, failing or financially embarrassed when he executed the title transfer. In that respect, the trial court could have determined that Brett did not meet that burden since there was evidence that the vehicle might be worth around $15,000, while the fees due could have amounted to $7,000 or less. Thus, one finding of that court under the evidence could have been that the consideration for the transfer, while valuable, was substantially inadequate, thereby voiding the transaction. “Where.. .the consideration is substantially or grossly inadequate, fraud may be inferred as a matter of law from inadequacy alone.... [T]he mutual fraudulent intent of the parties is inferred by law from the great disparity between the real value and the consideration given.” J. C. Jacobs Banking Co. v. Campbell, supra ; 15 A.B.R. at 2497.
Additionally, the trial court could have been dissatisfied with the proof relative to the amount of Brett’s fees. Some of the material elements to be considered in establishing a reasonable attorney’s fee are: “time, labor, skill, experience, professional reputation, weight of responsibility, nature and value of services involved, and the results accomplished by the rendition of the services.” Ingalls v. Hare, 266 Ala. 221, 96 So.2d 266 (1957). In his evidence, Brett merely related that he had been a practicing attorney for five years, that he had done legal work for Miller on numerous occasions prior to December 1980, and that, at such time, Miller owed him between seven and eight thousand dollars. Such general information without specificity, was inadequate to allow the trial court to reach an independent determination as to the amount due if that amount was to be a reasonable fee. Conversely, if, between the attorney and his client, they reached an agreement as to the amount, or amounts due, there is no proof of such fact. The trial court could have considered that Brett thus failed in his burden in that regard as to proof of the adequacy of the consideration.
Here, questions of fact were involved and those issues were determined adversely to Brett by the trial court. Where a fraudulent conveyance case is heard personally by the trial court, every legitimate presumption must be afforded to its findings, which will not be disturbed on appeal unless they are palpably wrong. J. C. Jacobs Banking Co. v. Campbell, supra, 15 A.B.R. at 2499. Under the evidence in this case, we cannot find that the trial court was palpably wrong. The evidence, or lack thereof, is supportive of its findings. Accordingly, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code of Alabama (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.